Yellow Freight System, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Janice C. Madara, Respondents.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Christopher S. Underhill, Hartman, Underhill & Brubaker,* for petitioner.

*Richard F. Boyer,* for respondent, Janice C. Madara.

OPINION BY JUDGE WILLIAMS, JR., January 5, 1981:

This is an appeal by employer Yellow Freight System, Inc. (Yellow) from an order of the Workmen's Compensation Appeal Board (Board) affirming a fatal claim award to Janice C. Madara (claimant). The claimant is the widow of Francis C. Madara, Jr., who was killed on October 2, 1976, when the tractor-trailer he was driving for Yellow veered off the highway, rolled down an embankment and overturned.

The threshold question in this case is one of law: whether the untimeliness of the answer to the claim petition barred the employer from introducing evidence of an "affirmative" defense to the claim.

The claimant filed a petition on February 10, 1977. For some reason the petition was re-filed on February 16; and service was made on the employer on February 23, 1977. No answer was filed until March 29, 1977, when the employer submitted an answer to the referee at the hearing scheduled for that date. That was 34 days after service of the petition, and hence 19 days in excess of the 15 days permitted for the filing of an answer by Section 416 of the Pennsylvania Workmen's Compensation Act.[1]

The employer's submitted answer raised the defense that the decedent at the time of his death was "acting in violation of law" and that compensation was not payable, by force of Section 301(a) of the Act.[2] Under that Section the right to compensation is defeated if the employer meets the burden of proving that the injury or death was caused by the employee's violation of law.

Counsel for the claimant objected to the filing of the answer on the ground that it was not timely filed under Section 416. Relying on that same Section claimant's counsel moved that all the allegations in the claim petition be deemed admitted for lack of a timely answer. The referee terminated the March 29 hearing by deciding to hold the claimant's objection and motion under advisement for a deferred ruling.

Although claimant's counsel did not state the extent of his objection in clear terms, it was clearly an objection based on the employer's violation of Sec-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §821.

[2] 77 P.S. §431. This Section provides in pertinent part as follows:

[N]o compensation shall be paid when the injury or death is intentionally self inflicted, or is caused by the employe's violation of law, but the burden or proof of such fact shall be upon the employer. . . .

tion 416.[3] Further, the referee raised the issue of whether the untimely answer precluded the employer from introducing a defense to the petition. The referee indicated that in taking the matter under advisement he would consider the full effect of Section 416 of the Act.

On April 7, 1977, the referee rendered a ruling by letter that all of the allegations on the face of the claim petition were to be deemed admitted for lack of a timely answer as mandated by Section 416. However, the referee also ruled that the lack of a timely answer did not preclude the employer from evidencing an affirmative defense not involving facts alleged in the claim petition.

A referee's hearing was reconvened on July 28, 1977. At that time the employer, pursuant to the ruling, was permitted to present medical evidence of the alcohol content of the decedent's blood after the accident, as well as other evidence concerning the accident scene, to show that the decedent had been driving while intoxicated, in violation of The Vehicle Code.[4] According to the employer's evidence the alcohol level in the decedent's blood, about six hours after the accident, was 0.147%.[5] There was also testimony that there were no skid marks on the road, no signs of contact with another vehicle or abrupt move-

[3] In this appeal the claimant-respondent takes the position that admitting the evidence was improper because it allowed the employer to contradict the admitted allegations.

[4] At the time of the accident the governing proscription was set forth in Section 1037 of The Vehicle Code, Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §1037. That Section declared it unlawful to operate a motor vehicle while under the influence of intoxicating liquor and classified the offense as a misdemeanor.

[5] Under Section 624.1 of The Vehicle Code, 75 P.S. §624.1, a 0.10% or more alcohol weight, or level, in the blood raised a presumption that the person was under the influence of intoxicating liquor.

ments on the road, and no apparent blow-out of any tire. However, there was no conclusive evidence as to the weather and road conditions at the time of the accident; although the road surface was wet due to rain when the police arrived at the accident scene a few hours later.

The referee accepted the testimony concerning the alcohol level in decedent Madara's blood and found that Madara was driving under the influence of alcohol in violation of the Vehicle Code. The referee also found that Madara had been physically impaired by the alcohol, and had fallen asleep at the wheel.

Notwithstanding the evidence and his own findings, the referee concluded that the employer had not met the burden of proof imposed by Section 301(a): of showing that the decedent's death was *caused* by his violation of law. According to the referee, the employer had failed to establish that Madara's falling asleep at the wheel was significantly contributed to by the ingestion of alcohol. The referee then entered an award for the claimant, based on the admitted allegations of the claim petition.

The Board affirmed the award, but in so doing determined that it was in error of law for the referee to admit the evidence of intoxication. The Board reasoned that to permit a defense under Section 301 (a) would contradict the claimant's allegation that the accident occurred "while the decedent was employed" by Yellow and would contradict the allegation that the cause of death was "asphyxia due to asperation of stomach contents."[6] For reasons other than those advanced by the Board, we agree that the employer's evidence should not have been admitted.

---

[6] The Board's opinion added, with one sentence in passing, that the referee had resolved the issue of causation in the claimant's favor.

On the facts of this case, it must be concluded that Section 416 barred Yellow from introducing evidence in support of its belated defense to the claim petition. For purposes of this case the critical elements of Section 416 are as follows:

Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.

Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him . . . *If a party fails to file an answer and/or* fails to appear in person or by counsel at the hearing without adequate excuse, *the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.* (Emphasis added.)

In applying this Section, we must emphasize that the referee ruled that the employer's failure to file its answer, within 15 days of being served with the claim petition, constituted an admission of the allegations in the petition. That decision was tantamount to a ruling that the employer had not shown an adequate excuse for not meeting the filing deadline fixed by Section 416, and therefore lost its right to file an answer *at all.*[7] In short, the case was in a posture as if the employer had filed *no answer.*

Given that posture of the case, it became incumbent upon the referee to follow the procedure set by Section 416 where no answer has been filed: *to decide the matter on the basis of the petition and evi-*

---

[7] According to the referee's final decision on the claim petition, the employer never requested an extension of time to file its answer. Indeed, the referee concluded that the failure to file a timely answer was "without reasonable cause."

*dence presented.*[8] The phrase "and evidence presented" must be construed to mean evidence presented by the *petitioner*. To construe the phrase to include evidence presented by the *adverse party* would negate the sanction for not filing an answer in accordance with the terms of the Section. That is, unless the phrase "and evidence presented" is restricted to *evidence presented by the petitioner,* the adverse party could refuse to file an answer and still come to the hearing and offer evidence in rebuttal or as an affirmative defense to the claim petition.

It is not a novel concept that "affirmative" defenses not raised in an effectively filed pleading are deemed waived; and proof of them is barred. *See Teodori v. Penn Hills School District Authority,* 413 Pa. 127, 196 A.2d 306 (1964); *Lewis v. Spitler,* 266 Pa. Superior Ct. 201, 403 A.2d 994 (1979); *Birdman v. Medley,* 261 Pa. Superior Ct. 23, 395 A.2d 285 (1978). It is true that the general rules of pleading and civil procedure do not govern workmen's compensation proceedings. However, Section 416 of the Workmen's Compensation Act precludes evidence from an adverse party who has not filed an answer to a claim petition, in accordance with the terms of that Section, absent adequate excuse or dispensation.

In this appeal, employer Yellow presents a two-fold argument: that it was proper to admit its evidence that the accident or death was the result of the decedent's driving while intoxicated, and that its evidence was sufficient to establish the defense to liability provided by Section 301(a). Because we have determined that the evidence should not have been admitted we must deny relief to the appellant.

---

[8] It must be noted that Section 416 uses the word "shall" in setting the procedure to be followed by the referee when no answer has been filed.

Unavailing is the appellant's reliance on *Abbotts Dairies v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 423, 393 A.2d 517 (1978). That case held that on the particular evidence presented by the employer the referee was *justified in finding* that the cause of the employee's death was the employee's driving while intoxicated. This Court did not hold that the referee was *compelled to make such a finding.* Moreover, there is nothing on the face of the *Abbotts Dairies* decision to indicate that the employer sought to present its evidence without having filed a timely answer.

## ORDER

AND Now, the 5th day of January, 1981, the order of the Workmen's Compensation Appeal Board in the above matter is affirmed, and Judgment is hereby entered in favor of claimant Janice C. Madara and against Yellow Freight System, Inc., self-insured.

The said Judgment shall be payable as follows:

Compensation to Janice C. Madara shall be paid at the rate of $139.80 per week beginning October 2, 1976, on her own behalf and that of Megan Campbell, and continuing thereafter until March 3, 1984, when Christopher Madara attains the age of 18 years. Thereafter compensation shall be payable to claimant at the rate of $146.29 per week, according to the terms in the referee's award, and continuing until December 14, 1990, when Megan Campbell attains the age of 18 years, whereafter compensation shall be paid to claimant Janice C. Madara at the rate of $126.81 per week according to the provisions of the Workmen's Compensation Act.

Yellow Freight System, Inc. shall also pay compensation to Barbara Jean Madara at the rate of $25.98 per week beginning October 2, 1976, on behalf of Kellie Madara and Christopher Madara, and con-

tinue thereafter until March 3, 1984, when Christopher Madara attains the age of 18 years, whereafter compensation shall be payable to Barbara Jean Madara at the rate of $19.48 per week on behalf of Kellie Madara until December 14, 1990, when Megan Campbell attains the age of 18 years. Thereafter, compensation shall be payable to Barbara Jean Madara at the rate of $22.38 per week on behalf of Kellie Madara until August 21, 1991, according to the terms in the referee's award.

Deferred payments of compensation shall bear interest at the rate of ten percent (10%) per annum.

Yellow Freight System, Inc. shall pay the sum of $1500.00 to Janice C. Madara for the reasonable expense of burial.

Counsel fees of twenty percent (20%) shall be paid by the claimant, according to the terms of her agreement as approved. Said counsel fees shall be deducted at the rate of twenty percent (20%) from each portion of compensation payable to Janice C. Madara and Barbara Jean Madara, and shall be paid directly to Richard F. Boyer, Esquire, in accordance with law.