John M. Tady, Petitioner *v.* Workmen's Compensation Appeal Board (Republic Steel Corp.), Respondents.

Submitted on briefs November 15, 1984, to Judges WILLIAMS, JR., DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*Lawrence R. Chaban, Yablonski, King, Costello & Leckie,* for petitioner.

*Henry A. Riley,* Assistant Counsel, for respondent, Department of Labor & Industry.

*Linton L. Moyer, Thomson, Rhodes & Cowie,* for respondent, Republic Steel Corporation.

OPINION BY JUDGE WILLIAMS, JR., January 3, 1985:
John M. Tady appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of his claim for benefits. We affirm.

Tady was employed by Republic Steel Corporation (employer) from January 1934 until October 1973, working underground in the soft coal mining industry during which time he was exposed to bituminous coal dust, an occupational disease hazard. In 1968 Tady learned that he had Black Lung from the United States Bureau of Mines following a chest x-ray. Tady was again informed that he had Black Lung in 1971 and in late 1973. Tady applied for federal Black Lung benefits in November 1973, and such were awarded on September 17, 1974. Tady also applied to the Commonwealth for disability compensation for coal miner's pneumoconiosis in October 1973, and again in December 1974. Tady notified the employer of his disability on January 15, 1976.

On January 12, 1976, Tady applied for compensation under the Occupational Disease provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066. Following several hearings, the referee dismissed the petition for compensation due to Tady's failure to provide the employer with timely and adequate notice as required by Section 311 of the Act, 77 P.S. §631. Tady appealed the referee's decision to the Board, which affirmed the referee. This appeal followed.

Tady raises three questions in his appeal to this Court, namely (1) whether lack of adequate and timely notice under Section 311 is an affirmative defense which is waived if not specifically pleaded; (2) whether the findings of fact as to notice are supported by substantial evidence; and (3) whether the referee erred when he refused to require the employer to produce Tady's personnel file at the referee's hearing without a subpoena.

We initially note that the claimant in workmen's compensation cases has the burden of showing he is entitled to benefits. *Haney v. Workmen's Compensation Appeal Board (Patterson-Kelley Co., Inc.)*, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982). Where the party with the burden of proof has not prevailed before the referee, our scope of review is limited to determining whether the referee's findings are in capricious disregard of any competent evidence, are consistent with each other, and whether any errors of law were committed or constitutional rights violated. *Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 366 A.2d 620 (1976).

We first deal with Tady's contention that the employer waived the defense of lack of notice by not specifically pleading it as an affirmative defense. We disagree with Tady's characterization of the notice requirements of Section 311 as a statute of limitations. Rather, compliance with the notice requirements of Section 311 is mandatory and a workmen's compensation claimant has the burden of proving timely notice. *Duquesne Light Co. v. Workmen's Compensation Appeal Board*, 53 Pa. Commonwealth Ct. 92, 416 A.2d 651 (1980). The issue was therefore properly considered by the referee.

Tady next argues that the referee's findings of fact as to the notice issue are not supported by substantial evidence. Since Tady did not prevail in the proceedings below, our scope of review as to the findings is, as previously noted, restricted to determining whether they are in capricious disregard of the evidence and consistent with each other. *Philco Ford Corp.* "Capricious disregard of the evidence" will only be found where there is a willful disregard of competent testimony and relevant evidence which one

of ordinary intelligence could not possibly have avoided in reaching a result. *Yanall v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 69 Pa. Commonwealth Ct. 457, 451 A.2d 797 (1982).

A review of the evidence convinces us that there was no capricious disregard of the evidence by the referee. By Tady's own admission, he was aware he had Black Lung as early as 1968 when he learned the results of a chest x-ray taken by the Bureau of Mines. Tady also testified that a doctor told him in November 1973 that he had Black Lung "real bad" and should apply for federal Black Lung benefits. Tady applied for such benefits which were granted retroactive to October 3, 1973. While an application for Black Lung benefits is not conclusive on the issue of whether Tady knew he was disabled in November 1973, *Duquesne Light Co.*, that application, coupled with Tady's other actions, convinces us that he knew or should have known that he was disabled on account of Black Lung by late 1973. The fact that Tady refused to accept that conclusion until mid-1975 is irrelevant as the entire set of factual circumstances were sufficient to charge Tady with notice of his disabling condition, as of November 1973. There is no assertion by Tady that the employer received any notice of his work-related disability prior to January 1976, which is clearly beyond the 120-day time limit of Section 311 of the Act. The referee's findings as to notice were therefore proper and amply supported by the evidence.

We now turn to Tady's final assertion, that the referee committed reversible error when he refused to require the employer to produce Tady's personnel file in response to a request for production of documents made at the final hearing. Tady desired to review his personnel file to see if the employer had actual notice of his disability within the 120-day period of Section

311 of the Act. Tady admits that the request was made for the first time at the final referee's hearing. The employer offered to produce parts of Tady's personnel file in response to a subpoena, but not otherwise. The referee agreed that a subpoena was the proper procedure due to the late stage of the proceedings. Tady refused to request a subpoena insisting upon his right to inspect his personnel file based upon the "Personnel Files Act," Act of November 26, 1978, P.L. 1212, 43 P.S. §§1321-1324. On appeal, the Board agreed that the issuance of a subpoena was the proper procedure. We agree.

The "Personnel Files Act" is designed to permit employees to review their personnel records to determine their qualifications for employment, promotion, additional compensation, termination or discipline. 43 P.S. §1322. The topic "additional compensation" as used in the "Personnel Files Act" refers only to items such as wages, salaries, bonuses and commissions; renumeration of a type normally associated with an on-going employer-employee relationship. We are satisfied that workmen's compensation proceedings do not fit within the enumerated class of subjects covered by the statute. This conclusion is further supported by the definition given to the term "personnel file" which specifically excludes medical records and documents which are being developed or prepared for use in civil, criminal or grievance proceedings. 43 P.S. §1321. Such items would normally be associated with workmen's compensation proceedings. We therefore conclude that the "Personnel Files Act" is not applicable to workmen's compensation cases.

We agree with the employer that the issuance of a subpoena is the proper and reasonable method for the production of records. We also note that this procedure has been subsequently formalized in regulations

dealing with practice and procedures before referees. *See* 34 Pa. Code §131.47.

Finding no errors of law or findings made in capricious disregard of competent evidence, we will affirm the order of the Board.

### ORDER

AND Now, this 3rd day of January, 1985, the order of the Workmen's Compensation Appeal Board at Docket No. A-82021, dated June 9, 1983, which dismissed the Petition for Compensation of John M. Tady is hereby affirmed.