538 A.2d 965

Charles Arthur Straub, Petitioner *v.* Workmen's Compensation Appeal Board (City of Erie), Respondents.

Argued October 8, 1987, before Judges BARRY and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Frank D. Magone,* with him, *J. Scott Leckie, Yablonski, Costello & Leckie,* for petitioner.

*Joseph J. May, Plate, Shapira, Hutzelman, Berlin, May, Walsh and Brabender,* for respondent, City of Erie.

OPINION BY JUDGE COLINS, March 2, 1988:

Charles Arthur Straub (petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision and order dismissing petitioner's claim for failure to provide notice of his injury to his employer within 120 days as required by Section 311 of The Pennsylvania Workmen's Compensation Act (Act).[1] We reverse.

Petitioner was employed as a sewer worker for thirty-two years with the City of Erie (employer). During this time, petitioner was continually exposed to extremely noisy construction machinery. Petitioner first sought medical attention in 1968 when he noticed his poor hearing. His hearing became progressively worse, so in 1977 and 1979, petitioner sought unsuccessfully to be fitted with hearing aids. Petitioner also attended lip-reading classes. In 1977, petitioner was informed by his physician, Dr. MacLaughlin, that his hearing loss was due to his exposure to noisy environments, but failed to state the particular source of such noise.

In 1983, petitioner was diagnosed as having severe sensory neural hearing loss involving speech frequencies in both ears by Dr. Michael C. Bell, a Board-certified Otolaryngologist. Furthermore, Dr. Bell stated that petitioner had, for all intents and purposes, suffered a loss of hearing in both ears as a result of the prolonged exposure to the noise of industrial machinery while working for employer. Petitioner notified the employer of his work-related hearing loss on October 14, 1983, and on November 7, 1983, filed a petition for hearing loss with the compensation authorities. Prior to visiting Dr. Bell, in February of 1981, petitioner visited Dr. Richard Maloney, another Board-certified Otolaryngologist. Dr. Maloney's deposition testimony, presented

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

on behalf of the employer, revealed that he informed petitioner his hearing loss was related to noise and further exposure would cause additional loss of hearing. Furthermore, Dr. Maloney suggested that petitioner wear ear protectors at work to avoid further hearing loss.

The employer was notified of petitioner's claim on November 10, 1983, and was informed that an answer may be filed within fifteen days from that date. An answer was filed by the employer; however, it was filed on December 5, 1983, not within the fifteen day period.

At a hearing before the referee on February 14, 1984, petitioner testified that he did not know that his hearing loss was work-related until he had spoken to his attorney about Dr. Bell's report. Also at this hearing, petitioner's counsel requested that the employer be prevented from presenting a notice defense to the claim because it had failed to file a timely answer under Section 416 of the Act.[2] The referee stated that, "we will proceed with the case and if that becomes an issue, then I will ask for briefs. . . ." On December 23, 1985, the referee dismissed the claim, concluding that the petitioner knew or should have known of his hearing loss in 1981 and, therefore, his claim was untimely filed under Section 311 of the Act.

The referee's decision made no mention of petitioner's motion to exclude the employer's defense for failure to file a timely answer. The Board affirmed in its November 21, 1986 order stating that the referee had correctly concluded timely notice was not given by petitioner. The Board also made no mention of petitioner's argument concerning the employer being precluded from presenting a defense for failure to file an answer within fifteen days. It is the November 21, 1986 order of the Board that petitioner seeks to review.

---

[2] 77 P.S. §821.

Our scope of review is limited to determining whether constitutional rights have been violated, an error of law was committed, or whether there is substantial evidence in the record to support the findings of fact. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.)*, 102 Pa. Commonwealth Ct. 493, 518 A.2d 1305 (1986).

Petitioner raises the same two issues on appeal before this Court as raised before the Board: (1) whether the petitioner's duty to notify his employer of his hearing loss arose on the date that he first knew or should have known of the work-relatedness of the loss, even though the hearing loss did not become total for all intents and purposes until two and one-half years later and (2) whether the referee erred by allowing the employer to defend this claim by offering evidence despite its failure to file a timely answer in accordance with Section 416. Since the petitioner's counsel preserved the issue of timeliness, both before the referee and the Board, this issue is properly before us on appeal. *See Hemer v. Workmen's Compensation Appeal Board (Phillips Oil)*, 71 Pa. Commonwealth Ct. 174, 454 A.2d 225 (1983).

Petitioner cites *Yellow Freight Systems, Inc. v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 1, 423 A.2d 1125 (1981), for the proposition that since the employer did not file an answer within fifteen days or alternatively proffer an excuse for its late filing, the referee should have decided the case on the basis of the petitioner's evidence. If this were the case, then the employer's evidence concerning Dr. Maloney's deposition testimony, relied upon by the referee to support findings of fact Nos. 5 through 7, should not have been admitted. These findings basically state that petitioner knew in February of 1981 that his hearing loss was work-related. Without this testmony, the

only testimony as to when the petitioner knew or should have known of his hearing loss was that of Dr. Bell, whose report was dated August 26, 1983.

Section 416 states:

Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.

Every fact alleged in the claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. . . . If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

77 P.S. §821.

Moreover, 34 Pa. Code §131.22(a) states that Section 416 of the Act provides that an adverse party shall file his answer within fifteen (15) days following service of a petition.

In *Yellow Freight*, we emphasized that "it [is] incumbent upon the referee to follow the procedure set by Section 416 where no answer has been filed: to decide the matter on the basis of the petition and evidence presented." *Id*. at 6-7, 423 A.2d at 1127 (emphasis deleted). We believe that the matter *sub judice* is factually similar to *Yellow Freight*. In *Yellow Freight,* an answer was filed nineteen days in excess of the fifteen days permitted by Section 416. Similarly, the answer in the matter *sub judice* was filed ten days in excess of the fifteen days permitted by Section 416. The employer argues that *Yellow Freight* is not applicable in this situation, because notwithstanding the fact that the answer was filed late, it caused no delay in this matter and in no

way prejudiced the petitioner and, furthermore, that petitioner failed to satisfy his burden of providing his employer with timely notice of his injury.

In *Tady v. Workmen's Compensation Appeal Board (Republic Steel Corporation)*, 86 Pa. Commonwealth Ct. 582, 485 A.2d 897 (1985), we disagreed with a petitioner's contention that an employer had waived the defense of lack of notice by not specifically pleading it as an affirmative defense. In *Tady,* we also stated that compliance with the notice requirements of Section 311 is mandatory and a workmen's compensation claimant has the burden of proving timely notice. *Id.* at 585, 485 A.2d at 899.

This matter is not in the same posture as *Tady.* In *Tady,* we dealt with a claimant who argued that his employer waived the defense of lack of notice by not specifically pleading it as an affirmative defense. In the matter *sub judice,* we are confronted with an employer who, in his answer, raised a notice defense; however, the answer was untimely filed.

Turning to the language of *Yellow Freight,* it specifically states, "Section 416 of The Workmen's Compensation Act precludes evidence from an adverse party who has not filed an answer to a claim petition, in accordance with the terms of that Section, absent adequate excuse or dispensation." *Id.* at 7, 423 A.2d at 1127-28.

The only excuse offered by the employer is that petitioner was not prejudiced by the failure to file a timely answer. With this contention, we disagree. *Yellow Freight* held that a referee's ruling "that the employer's failure to file its answer, within 15 days of being served with the claim petition, constituted an admission of the allegations in the petition." *Id.* at 6, 423 A.2d at 1127. Furthermore, we there held that such

> decision was tantamount to a ruling that the employer had not shown an adequate excuse for not

meeting the filing deadline fixed by Section 416 and, therefore, lost its right to file an answer *at all*. In short, the case was in a posture as if the employer had filed *no answer*.

*Id.* (emphasis in original, footnote omitted).

By allowing the employer to file late, it was given an opportunity to present evidence that should not have been available to the referee when he made his determination as to when petitioner knew or should have known of his work-related injuries to satisfy the 120 day notice provision of the Act. In *Yellow Freight,* we determined that the employer's evidence should not have been admitted for failure to timely file an answer in accordance with Section 416. We must similarly rule here.

Thus, the referee should have decided the matter on the basis of the petition and evidence presented. The phrase "petition and evidence presented" was construed to mean the evidence presented by the petitioner and all of the allegations on the face of the claim petition should have been deemed admitted for lack of a timely answer mandated by Section 416. *Id.* at 7, 423 A.2d at 1127.

The claim petition alleges that petitioner knew he had lost his hearing for all intents and purposes as of August 26, 1983. Petitioner's notice to his employer was served on October 14, 1983, well within the 120-day provision of the Act. Therefore, since the employer's evidence should not have been admitted, the petitioner satisfied his burden of proving timely notice under Section 311 because his petition was the only evidence of record from which the referee could have gleaned when notice was given.

Accordingly, the Board's order is reversed.[3]

---

[3] By deciding the employer should not have been permitted to present a defense, it is not necessary to resolve petitioner's contention pertaining to when he knew of his work-related injury.

ORDER

AND NOW, this 2nd day of March, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.