628 A.2d 481

**J. Keith LEBER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(YELLOW FREIGHT SYSTEM), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 30, 1993.

Decided June 29, 1993.

Robert D. Glessner, for petitioner.

David A. Erich, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

J. Keith Leber appeals from an order of the Workmen's Compensation Appeal Board (WCAB) affirming a referee's decision to deny compensation to Leber based on Leber's failure to provide notice of his injury to employer within the 120 day time limit imposed by section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631.[1] We affirm.

1. Section 311 of the Act provides in pertinent part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and,

Leber was employed by Yellow Freight System, Inc. (Employer) as a dock worker. His duties involved operating a forklift to load and unload freight from tractor trailers. In June 1990, Leber noticed problems with numbness and tingling in his wrists and hands and sought medical treatment from his family physician, Dr. James Nicholas. During an examination on June 25, 1990, Dr. Nicholas informed Leber that he suffered from work-related carpal tunnel syndrome. However, Leber sought no further medical treatment for his condition and continued to work for Employer. On February 5, 1991, following continued difficulties with his hands, Leber went to see Dr. Joseph Danyo, an orthopedic surgeon. Dr. Danyo confirmed Dr. Nicholas's earlier diagnosis and also agreed that Leber's hand and wrist problem, the symptoms of which had been going on for a year, related to his job as a dock worker. (R.R. at 39).

Leber first informed Employer about his carpal tunnel syndrome on February 5, 1991, by reporting the condition to Frank Greenawalt of Employer's personnel office and finally filling out an accident report on February 15, 1991. (R.R. at 19, 25–26). Two days later, on the advice of Dr. Danyo, Leber stopped working and on February 22, 1991, he underwent surgery on his right wrist, performed by Dr. Danyo. (R.R. at 18). Leber returned to work on March 24, 1991.

In April 1991, Leber filed a claim petition alleging that his wrist injury was work-related and seeking benefits for the period from February 17, 1991 until March 24, 1991. Employer answered, specifically denying all material allegations. In its answer, Employer also included new matter, in which it reserved the right to raise "additional defenses"; however, Employer never specifically pleaded section 311 as an affirmative defense.

On June 13, 1991, Leber testified on his own behalf at a hearing held before a referee. On cross-examination, Leber admitted that although he first learned of his work-related

*unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.*
77 P.S. § 631. (emphasis added).

carpal tunnel syndrome from Dr. Nicholas in June of 1990, he only informed Employer of the fact in February of 1991. Leber testified as follows:

Q So the first time you saw a doctor then for your problem was in June of 1990?

A Yes.

Q But you might have had the tingling before that?

A Yes.

Q You submitted an exhibit, C–3, from Dr. Nicholas that says that he saw you on June 25, 1990 and thought that it was a work-related carpal tunnel syndrome at that time.

A Yes.

Q Did he tell you that?

A Yes.

Q And yet the first time you told the employer was in February?

A Yes.

Q February 5, 1991.

A Yes.

(R.R. at 26–27).

Based on this testimony, the referee concluded that Leber failed to give Employer timely notice of his injury pursuant to section 311 of the Act and disallowed compensation. The WCAB affirmed and dismissed Leber's appeal.

 On appeal to this court,[2] Leber argues that Employer waived the 120 day notice of injury requirement of section 311 by failing to raise the issue specifically as an affirmative defense. Leber contends that because Employer here first raised the issue of timely notice after the referee had closed the record, the referee and WCAB erred in applying section 311 of the Act to bar Leber's claim. Accordingly, Leber

**2.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether findings of fact were unsupported by substantial evidence. *Nesman v. Workmen's Compensation Appeal Board (Welded Construction Co.)*, 121 Pa.Commonwealth Ct. 90, 550 A.2d 583 (1988).

claims that we should reverse the decision of the WCAB and award him benefits. We disagree.

In *Tady v. Workmen's Compensation Appeal Board (Republic Steel Corp.)*, 86 Pa.Commonwealth Ct. 582, 485 A.2d 897 (1985), in which the claimant made a similar argument, we disagreed that an employer waived the defense of lack of notice by not specifically pleading it as an affirmative defense, stating:

> We disagree with Tady's characterization of the notice requirements of Section 311 as a statute of limitations. Rather, compliance with the notice requirements of Section 311 is mandatory and a workmen's compensation claimant has the burden of proving timely notice. *Duquesne Light Co. v. Workmen's Compensation Appeal Board*, 53 Pa.Commonwealth Ct. 92, 416 A.2d 651 (1980). The issue was therefore properly considered by the referee.

*Id.* at 585, 485 A.2d at 899.

Leber acknowledges that, under *Tady*, an employer need not raise a section 311 argument as an affirmative defense but, pointing out that the claimant in *Tady* suffered from Black Lung disease, argues that the *Tady* holding is understandable only in the context of occupational disease.[3] Instead, Leber relies on *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Commonwealth Ct. 461, 593 A.2d 921 (1991), *appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991) as authority for its position concerning waiver. However, *Valsamaki* does not support Leber's argument.

In *Valsamaki*, we held that an employer waived the issues of proper notice of injury and entitlement to credit for wage continuation by filing an answer to the claimant's claim petition which consisted of only one sentence, a blanket denial of all claimant's allegations.[4] Recognizing that in workmen's

---

3. Given our disposition of this case, we have no need to render any opinion on Leber's assessment of the holding in *Tady*.

4. In *Valsamaki*, claimant's petition alleged, among other things, that he suffered a herniated disc on October 5, 1984, and that he notified his employer of his injury in November, 1984. The employer's entire answer to the petition read as follows:

compensation cases, the purpose of the waiver doctrine is to ensure that the referee is presented with all *cognizable* issues, we reasoned:

> According to Section 416 of the Act, *as amended,* 77 P.S. § 821, every fact alleged in a claim petition not specifically denied by an answer shall be deemed to be admitted. Furthermore, we have held that an employer fails to specifically deny a claim petition when allegations are unanswered or the answer is equivocal. *St. Denis v. Workmen's Compensation Appeal Board,* 29 Pa.Commonwealth Ct. 375, 371 A.2d 252 (1977). In our view, the employer's answer constitutes nothing more than a blanket denial which fails to specifically deny any allegation contained in the claimant's petition, and is thus equivocal. It is not for the referee, the Board, or for this Court to guess what the employer means by contesting "all relevant allegations" in the claimant's petition. Rather, it is the employer's responsibility, pursuant to section 416 of the Act, to specifically identify which allegations in the claim petition it is denying.

*Id.* at 466, 593 A.2d at 923.

Although the employer's answer in *Valsamaki* did not enable the referee to discern any issues requiring resolution, that is not the case here. In Employer's answer to Leber's claim petition, each individual allegation made by Leber is specifically addressed and denied by number. With regard to notice, paragraph 12 of Leber's claim petition alleged that Leber served notice of his injury upon Employer on February 15, 1991. (R.R. at 2). In its answer to the claim petition, Employer responded to this particular allegation as follows: "12. Specifically denied and strict proof demanded." (R.R. at 4). We hold that this specific denial was sufficient to raise the issue of notice which the referee then properly addressed. Indeed, in *Valsamaki,* we expressed our realization that "once

Defense counsel is awaiting opportunity to review file and investigation material; in the meantime, defendant employer/insurer, by counsel, demands proof and/or denies all relevant allegations in claimant's Petition, reserving the right to assert such additional defenses as may be deemed appropriate thereafter.
*Id.* at 466, 593 A.2d at 923.

an employer specifically identifies which allegations it is contesting, such allegations are specifically denied under Section 416 of the Act by 'denied' and 'proof demanded.'" *Id.* at 466 n. 5, 593 A.2d at 923 n. 5. This is precisely what Employer has done here.[5]

 Section 311 of the Act is mandatory and bars a claim where it is found that the claimant has not given appropriate notice to his employer within 120 days of the occurrence of an injury. *Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa.Commonwealth Ct. 305, 340 A.2d 915 (1975). In cases involving other than occupational diseases, this statutory period begins to run when the injured employee knows, or reasonably should know, of the nature of his injury and its relationship to his employment, regardless of whether the injured employee is disabled by the injury. *Bolitch v. Workmen's Compensation Appeal Board (Volkswagon of America, Inc.),* 132 Pa.Commonwealth Ct. 110, 572 A.2d 39 (1990), *appeal denied,* 526 Pa. 639, 584 A.2d 321 (1990). Whether notice has been given to an employer in compliance with section 311 is a question of fact for the referee. *Long v. Workmen's Compensation Appeal Board (Anchor Container Corp.),* 95 Pa.Commonwealth Ct. 242, 505 A.2d 369 (1986); *Traveler's Insurance Co. v. Workmen's Compensation Appeal Board (Levine),* 68 Pa.Commonwealth Ct. 24, 447 A.2d 1116 (1982).

 Here, the referee found that Dr. Nicholas told Leber that he had work-related carpal tunnel syndrome on June 25, 1990, and that Leber knew he had a work-related injury as of that date. (Referee's Findings of Fact No. 7; Referee's Conclusions of Law No. 2). The referee also found that Leber

5. Leber contends that in *Valsamaki,* we suggest that section 311 must be pleaded affirmatively by an employer. We disagree. On the contrary, in *Valsamaki,* we did not base the waiver of the notice argument on employer's failure to plead it affirmatively. Rather, because the employer's answer blindly denied "all relevant allegations" and did not specifically deny any particular allegation, we concluded that the referee could not identify any notice issue. However, *Valsamaki* clearly infers that if the employer had addressed and denied the claimant's allegation of notice by number, as Employer did here, that would have been sufficient to raise the notice issue.

did not notify Employer of his work-related injury until February 1991. (Referee's Finding of Fact No. 10; Referee's Conclusion of Law No. 3). Leber's own testimony provides substantial evidence to support these findings; therefore, they cannot be disturbed on appeal. *Levine.* Based on these findings, the referee and the WCAB properly concluded that Leber failed to provide valid and timely notice to Employer under section 311.[6] Accordingly, we affirm.

## *ORDER*

**AND NOW,** this 29th day of June, 1993, the order of the Workmen's Compensation Appeal Board, dated December 9, 1992, is affirmed.

---

**6.** Leber argues that even if we determine that section 311 is not an affirmative defense, we still must remand for additional findings on what Leber learned about the work-related nature of his injury. However, we believe that the referee's existing findings, fully supported by substantial evidence, are adequate to sustain our affirmance here.