# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Charles Grant, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 234 C.D. 2018 |
| | : Submitted: July 27, 2018 |
| Workers' Compensation Appeal | : |
| Board (IDS Express and UEGF), | : |
| | : |
| Respondents | : |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED: October 22, 2018**

Charles Grant (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying the Claim Petitions that Claimant filed against IDS Express, a courier service (IDS) and the Uninsured Employers Guaranty Fund (UEGF). In his decision and order, the WCJ found that Claimant had failed to prove that he was an employee of IDS at the time of his injury. We affirm.

On October 23, 2014, Claimant sustained an injury to his right elbow, right shoulder and back when, while attempting to make a delivery on his bicycle, he rode into a trench and was thrown head over heels onto the street near the

intersection of Girard Avenue and Sedgley Street in Philadelphia. (WCJ Decision, Findings of Fact (F.F.) ¶1, Reproduced Record (R.R.) at 268a; March 12, 2015 Hearing Transcript (3/12 H.T.) at 11-12, R.R. at 20a-21a.)  Claimant filed a Claim Petition for Workers' Compensation seeking benefits from IDS on November 3, 2014, and on January 25, 2015, he filed a Claim Petition for Benefits from IDS as Uninsured Employer and UEGF.  (WCJ Decision, F.F. ¶¶ 1-2, R.R. at 268a; Claim Petition, R.R. at 1a-4a; Claim Petition for Benefits from the Uninsured Employer and UEGF, R.R. at 5a-6a.)  UEGF filed its answer on February 11, 2015, denying the allegations, and on March 17, 2015, IDS filed an untimely answer also denying the allegations set forth in the Claim Petition.  (WCJ Decision, F.F. ¶¶ 3-4, R.R. at 268a.)  The issues before this Court are (i) whether Claimant was in an employer/employee relationship with IDS or whether he was an independent contractor; and (ii) whether the Board erred in failing to address Claimant's motion, under *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 423 A.2d 1125 (Pa. Cmwlth. 1981), to deem as admitted the well-pled facts of Claimant's November 3, 2014 Claim Petition.

Both Claimant and Malcom Weiser, owner of IDS, testified in person before the WCJ.  Claimant described his job title as bicycle courier and testified that he acted as a courier for IDS for approximately nine weeks, over which period he was paid approximately $100 per week on a commission per job basis, with no taxes withheld; he was able to make his own schedule for the days and hours for package delivery and once made, he was expected to adhere to it.  (3/12 H.T. at 7, 20, 47, R.R. at 16a, 29a, 56a.)  Claimant stated that on each day that he worked, he first picked up and then dropped off at the end of the day a blank manifest from IDS on which he would record, throughout the day, the location and time of each

2

pick-up and delivery and collect signatures; he would go out on the streets on his own bicycle to wait for calls to come over the radio, and the first courier who "chirped in" would get the delivery job. (*Id*. at 8-9, R.R. at 17a-18a.) At a second hearing before the WCJ, held on August 13, 2015, Claimant again testified, confirming that he had been provided with an Independent Contractor Agreement, which he had signed. (August 13, 2015 Hearing Transcript (8/13 H.T.) at 52-53, R.R. at 122a-123a.) Claimant testified that he had the ability to turn down a job, which might then be accepted by another courier, if he had already accepted another job; that he could simply not answer the radio call, and that delivery deadlines were set by the customer; and that rush jobs were more costly to the customer, and therefore resulted in greater compensation to Claimant. (*Id*. at 58-61; R.R. at 128a-131a.) He acknowledged that in addition to his bicycle, he provided his own delivery bag and he was not required to wear a uniform; Claimant rented a radio provided by IDS because he did not own one of his own. (*Id*. at 68-69, R.R. at 138a-139a.)

IDS's owner testified that all bicycle couriers receive IRS 1099 forms and are required to sign the Independent Contractor Agreement. (*Id*. at 10-11, R.R. at 80a-81a.) The bicycle couriers set the days and hours on which they will pick up packages and make deliveries and determine which jobs they will accept; they are permitted to work for multiple delivery services and may hire their own employees to assist in making deliveries. (*Id*. at 14-16, R.R. at 84a-86a.) He stated that if a courier does not own his own two-way radio, IDS will provide one, for a rental fee of $15 per month. (*Id*. at 17, 27, R.R. at 87a, 97a.)

The WCJ concluded, based on testimony she deemed credible from both Claimant and IDS's owner, that "the manner in which the packages were

3

delivered were in the complete control" of Claimant, including the route used and choice to deliver within a time frame. (F.F. ¶¶ 10, 12, R.R. at 275a.) The WCJ further found that Claimant set his own schedule and provided his own equipment, he was paid a percentage of the fee charged, and he was provided a 1099 and was aware that he was to pay his own taxes. (F.F. ¶ 12, R.R. at 275a.) The WCJ found that the terms of the Independent Contractor Agreement were consistent with the testimony of IDS' owner and to a large extent the testimony of Claimant. (F.F. ¶ 11, R.R. at 275a.) The WCJ, accordingly, found that Claimant was an independent contractor and not an employee of IDS and denied Claimant's Claim Petition as well as the Claim Petition for Benefits from UEGF. The Board affirmed, and this appeal followed.[1]

A claimant must be an employee to be eligible to receive benefits under the Workers' Compensation Act (the Act).[2] Section 301(a) of the Act, 77 P.S. § 431; Section 103 of the Act, 77 P.S. § 21; Section 104 of the Act, 77 P.S. § 22; *Universal Am-Can, Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 762 A.2d 328, 330 (Pa. 2000); *American Road Lines v. Workers' Compensation Appeal Board (Royal)*, 39 A.3d 603, 610 (Pa. Cmwlth. 2012); *Guthrie v. Workers' Compensation Appeal Board (The Travelers' Club, Inc.)*, 854 A.2d 653, 661 (Pa. Cmwlth. 2004). "An independent contractor is not entitled to benefits because of

---

[1] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Universal Am-Can, Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000); *American Road Lines v. Workers' Compensation Appeal Board (Royal)*, 39 A.3d 603, 610 n.6 (Pa. Cmwlth. 2012).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

the absence of a master/servant relationship. Thus, employee or independent contractor status is a crucial threshold determination that must be made before granting workers' compensation benefits." *Universal Am-Can, Ltd.*, 762 A.2d at 330 (citations omitted). It is the claimant's burden to prove that he was an employee and not an independent contractor. *Universal Am-Can, Ltd.*, 762 A.2d at 330; *American Road Lines*, 39 A.3d at 610; *Guthrie*, 854 A.2d at 661.

Whether the claimant was an employee is a question of law based on the facts of the case. *Universal Am-Can, Ltd.*, 762 A.2d at 330-31; *American Road Lines*, 39 A.3d at 610; *Guthrie*, 854 A.2d at 661. The factors to consider in determining whether the claimant was an employee, rather than an independent contractor, include control over the work and the manner in which it was to be done, whether the claimant was responsible only for the result, which party supplied the tools or equipment, whether the claimant was paid by time worked or by jobs performed, who paid taxes and insurance, and whether the claimant was allowed to work for other unrelated companies at the same time. *Universal Am-Can, Ltd.*, 762 A.2d at 332-33; *American Road Lines*, 39 A.3d at 611; *3D Trucking Co. v. Workers' Compensation Appeal Board (Fine & Anthony Holdings International)*, 921 A.2d 1281, 1288 (Pa. Cmwlth. 2007); *Guthrie*, 854 A.2d at 661 n.13, 662-63 & n.16. The most important factor is who controls the work and the manner in which it is to be performed. *Universal Am-Can, Ltd.*, 762 A.2d at 333; *American Road Lines*, 39 A.3d at 611; *Guthrie*, 854 A.2d at 661 n.13.

We find that the WCJ correctly concluded that Claimant had not shown that he was an employee of IDS. Claimant's own testimony established that he, and not IDS, determined and controlled how his work would be performed. Claimant testified that he was free to select or reject delivery assignments from

5

IDS. Claimant was paid by the job, not on the basis of time worked, used his own bicycle, helmet, and bag for deliveries, and paid his own taxes and insurance. Claimant relies on *Baum v. Workers' Compensation Appeal Board (Hitchcock)*, 721 A.2d 402 (Pa. Cmwlth. 1998), a case readily distinguishable from the case *sub judice*. *Baum* involved a claimant who drove the employer's truck, picking up and delivering sawdust to the employer's customers. In finding that the claimant in *Baum* was an employee and not an independent contractor, the Court cited the claimant's testimony, and the WCJ's findings that the employer not only directed the claimant where to deliver the loads of sawdust, but also owned and maintained the trucks used by the claimant, instructed the claimant on the method of loading the trucks and the delivery routes to be followed, and controlled the schedule of deliveries. 721 A.2d at 406. Here, it is clear from the evidence that Claimant's work was simply not controlled in such specific detail that his relationship with IDS could be called anything more than an independent contractor to provide for delivery of packages. *See Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Express)*, 631 A.2d 693, 694-695 (Pa. Cmwlth. 1993) (newspaper courier was an independent contractor where he determined his own route of travel and controlled the means of accomplishing the delivery of newspaper).

With regard to Claimant's assertion that the WCJ erred in failing to rule on his *Yellow Freight* motion, the Board held that it was immaterial and not in error, since the dispositive issue of Claimant's employment relationship is an issue of law and thus may not be deemed admitted under *Yellow Freight*. (Board Opinion, R.R. at 284a-294a.) We agree. Section 416 of the Act, 77 P.S. § 821, permits an answer to a claim petition to be filed within 20 days of service upon the employer. Additionally, it provides that "if a party fails to file an answer and/or

fails to appear in person or by counsel at the hearing without adequate excuse, the [WCJ] hearing the petition shall decide the matter on the basis of the petition and evidence presented." *Id.* In *Yellow Freight,* we interpreted the phrase "and evidence presented" to mean evidence presented by the claimant, and we held that the untimeliness of an employer's answer barred the employer from introducing evidence of an affirmative defense to the employee's claim. 423 A.2d at 1127-28. However, this Court has established that a late answer does not admit conclusions of law. *Ghee v. Workmen's Compensation Appeal Board (University of Pennsylvania)*, 705 A.2d 487, 491 (Pa. Cmwlth. 1997). Whether a claimant is an employee or an independent contractor is an issue of law, and an employer's failure to file a timely answer does not admit the existence of an employment relationship. Moreover, to the extent that this determination was factual, it does not contravene *Yellow Freight* because it was based on Claimant's own testimony, not evidence from IDS that was disputed by Claimant. Thus, the WCJ's failure to rule on the motion is immaterial to the issue on appeal.

Accordingly, we affirm the order of the Board in this matter.


_____
JAMES GARDNER COLINS, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Grant,                                  :
                                                :
                    Petitioner                  :
                                                :
          v.                                    :    No. 234 C.D. 2018
                                                :
Workers' Compensation Appeal                    :
Board (IDS Express and UEGF),                   :
                                                :
                    Respondents                 :

# **O R D E R**

AND NOW, this 22nd day of October, 2018, the order of the Workers' Compensation Appeal Board in the above matter is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge