**HERAEUS ELECTRO NITE COMPANY and State Workmens' Insurance Fund, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ULRICH), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 7, 1997.
Decided July 10, 1997.

Timothy F. Coffey, Philadelphia, for petitioner, Heraeus Electro Nite.

Anne Marie Ansa, Philadelphia, for respondent.

Before COLINS, President Judge, and DOYLE, SMITH, FRIEDMAN, KELLEY, FLAHERTY and LEADBETTER, JJ.

FLAHERTY, Judge.

Heraeus Electro Nite Company (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board)[1] which affirmed the decision of the workers' compensation judge (WCJ) awarding benefits to Dolores Ulrich (Claimant) based solely on her claim petition (petition). We affirm.

1. Pursuant to the 1996 amendments to Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27, the name of the Workmen's Compensation Appeal Board was changed to the Workers' Compensation Appeal Board effective August 23, 1996. *See* Act 57, Act of June 24, 1996, P.L. 801.

2. The petition designated the insurance carrier as unknown. The notice of assignment from the Department listed the name of the employer as the Electro Nite Company as opposed to the Heraeus Electro Nite Company. The address

On May 6, 1993, Claimant filed a petition with the Department of Labor and Industry, Bureau of Workers' Compensation (Department) requesting compensation and payment of medical bills pursuant to the Act. In this petition, Claimant alleged she was suffering from lung disease in the form of "[a]sthma, chronic bronchitis, emphysema, COPD and/or aggravation of such conditions" as a result of exposure to various elements during the course of her work for Employer. (R.R. at 1a.) Claimant alleged that she ceased working on March 23, 1992, as a result of these work-related injuries, and/or the aggravation thereof. *Id.*

On or about June 14, 1993, the Department served a copy of the petition and a notice of assignment via first class mail, postage prepaid, on Employer.[2] These papers were not returned by postal authorities as undeliverable. At the October 28, 1993, hearing before the WCJ, Claimant's counsel moved that the matter be decided on the basis of the petition as Employer failed to timely file an answer. The WCJ directed the parties to submit letter briefs and exhibits to support their respective arguments regarding the motion by Claimant's counsel.

■ In evaluating the reasons for a late filing, to determine whether the employer can establish an adequate excuse, a WCJ must evaluate the matter on a case by case basis. *See Metro Ambulance v. Workmen's Compensation Appeal Board (Duval),* 672 A.2d 418 (Pa.Cmwlth.1996). After reviewing the parties submissions and evidence here, the WCJ availed himself of the rebuttable presumption of service provided in Section 406 of the Act, and concluded that Employer was properly served on or about June 14, 1993.[3] Although the Department never

listed, however, was that of the Heraeus Electro Nite Company.

3. Section 406 of the Act, 77 P.S. § 717, provides, in pertinent part, that:
   [A]ny notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails.

served a copy of the petition on Employer's correct insurance carrier, the State Workers' Insurance Fund (Insurer),[4] the WCJ, having prior knowledge of Insurer's facsimile number, took judicial notice that, on July 13, 1993, Employer sent a facsimile copy of the petition to Insurer. Insurer mailed an answer to the petition on August 5, 1993, which was received by the WCJ on August 9, 1993.

The WCJ found that Employer failed to file its answer within fifteen days after the date it was served by the Department, as required by Section 416 of the Act.[5] Moreover, the WCJ found that Employer had no justifiable excuse for failing to timely file its answer (which was due on June 29, 1993). The WCJ also determined that Insurer's answer was filed on August 9, 1993, more than fifteen days after it received the facsimile copy of the petition from Employer and more than fifteen days from the date Employer was served by the Department, and that it had no justifiable excuse for filing a late answer. Employer presented no evidence relating to liability other than a letter brief and an affidavit asserting that the answer filed should have been found to be timely.

Because of these facts, the WCJ deemed all the allegations in the petition admitted in accordance with Section 416 of the Act, found that Claimant sustained her burden of proof and awarded benefits.[6] Employer appealed to the Board, which affirmed the WCJ's decision but modified Claimant's compensation rate. Employer now appeals to this court.

On appeal, Employer questions whether the Department's failure to serve a copy of the petition and notice of assignment on Insurer constitutes improper service justifying the late filing of an answer, and whether Claimant met her burden of proving all the elements necessary to support an award of ongoing compensation without presenting additional evidence besides the allegations set forth in her petition.[7]

Employer argues here that the Department's failure to mail a copy of the petition and notice of assignment to Insurer constitutes defective service. Thus, Employer avers that an adequate excuse for the late filing of the answer under Section 416 of the Act exists and, therefore, it should be permitted to present evidence in rebuttal of the claim.

Section 414 of the Act provides that "[t]he department shall serve upon each adverse party a copy of the petition, together with a notice that such petition will be heard by the referee to whom it has been assigned...." 77 P.S. § 775. The Board's regulations define the term "party" to include a "claimant, defendant, employer, insurance carrier, additional defendant and, if relevant, the Commonwealth." 34 Pa.Code § 131.5. Section 305(a)(1) of the Act states that an "insurer shall be entitled to all of the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder." 77 P.S. § 501. Therefore, in accordance with the above, Employer con-

4. The Department mistakenly mailed a copy of the petition along with a notice of assignment to the General Adjustment Bureau, Inc., instead of to Insurer.

5. Section 416 of the Act, 77 P.S. § 821, provides, in pertinent part, that:

Within fifteen days after a copy of any claim petition or other petition has been served *upon an adverse party,* he may file with the department or its referee an answer in the form prescribed by the department.
(emphasis added). We note that the 1996 Amendments to the Act expanded an employer's time for filing an answer from fifteen days to twenty days. The fifteen day limitation still applies to the present matter, however, as this case was commenced prior to enactment of those amendments.

6. The relevant portion of Section 416 of the Act states that:

Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him.... If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.
77 P.S. § 821.

7. Our appellate review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial competent evidence. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.),* 694 A.2d 405 (Pa.Cmwlth. 1997).

tends that the Department was required to directly serve Insurer.

■ We agree with Employer that Insurer is an adverse party within the meaning of Section 414 of the Act and, thus, the Department was under a statutory mandate to serve Insurer. However, not every failure by the Department to properly serve an adverse party automatically results in an adequate excuse for a late answer under Section 416 of the Act.[8]

In *Ross v. Workmen's Compensation Appeal Board,* 151 Pa.Cmwlth. 75, 616 A.2d 155, 158 (1992), we held that the fifteen-day period for filing an answer to a claim petition begins to run upon proper mailing of the notice by the Department to the employer. In the present case, Employer received the Department's notice on or about June 14, 1993. Employer failed to file an answer within fifteen days of the Department's service of the actual notice. Employer sent a facsimile copy of the petition to Insurer on July 13, 1993. Insurer failed to file an answer until August 9, 1993, also not within fifteen days from the date the Department served actual notice on Employer. There is no event that either interfered with Employer's receipt of actual service from the Department or its ability to file a timely answer. Employer is merely attempting to justify its late filing by arguing that the Department failed to comply with statutory and regulatory formalities in serving a copy of the petition and a notice of assignment on Insurer.

Indeed, this court recently addressed essentially the same argument in *Manolovich.* In *Manolovich,* this court stated that the relevant inquiry is not whether the Department complied with statutory and regulatory formalities, but whether the employer had proper notice. The *Manolovich* court held that once an employer is properly served with the notice from the Department, the carrier cannot claim that it did not receive actual notice of the claim. *Id.* at 408. The *Manolovich* court went on to hold that an employer has a duty to forward the notice to the carrier and, thus, the burden of providing

actual notice to the carrier must also be placed on an employer who has been properly served by the Department. *Id.* at 408.

■ Here, as in *Manolovich,* Employer was properly served with notice by the Department. Therefore, under *Manolovich,* lack of separate service to the carrier will not invalidate the proceedings. Service by the Department on Employer triggered Employer's obligation to respond with an answer to the petition within fifteen days. Although Insurer may be an adverse party under Section 414 of the Act, thus entitled to receive notice directly from the Department when a petition is filed, the failure of the Department to do so does not automatically validate a late answer. As the *Manolovich* court noted, referring to our Supreme Court's opinion in *Brown v. Travelers Insurance Company,* 434 Pa. 507, 254 A.2d 27 (1969), an employer is a complex entity which includes, within its scope, the employer's compensation insurer. *Manolovich* at 408. Thus, we hold here that service of a copy of the claim petition on the employer, by the Department, is also service on that employer's carrier.

■ After evaluating the facts and circumstances in the present case, and following this court's decision in *Manolovich,* we conclude that Employer failed to show any interference with service of notice by the Department so as to justify excusing its late answer to the petition. Thus, we hold that when there is service of a claim on the employer by the Department, the Department's noncompliance with statutory formality by failing to notify the employer's insurance carrier does not provide an adequate excuse to forgive an employer for filing a late answer. The employer, as the entity in the best position to identify the proper carrier, is responsible for providing actual notice to its own insurance carrier so that an answer may be timely filed. The Department's notice to the wrong carrier and then its subsequent failure here to directly notify Insurer does not serve as an act or omission that interfered with either

---

**8.** In fact, in the present case, Employer and Insurer are adverse parties only as to Claimant and are not adverse to each other.

the Employer's or the Insurer's ability to effectuate a timely filing in this case.

Employer next argues that even if the allegations in the petition are admitted as true, Claimant still failed to meet her burden of proving these allegations because she did not present evidence in corroboration of the allegations in the petition. In *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981), we held that an employer's failure to file an answer within fifteen days constituted an admission of the allegations in the claim petition and that the case is "in a posture as if the employer had filed *no answer*." *Id.* 423 A.2d at 1127 (emphasis in original).

■ The WCJ here correctly found that Employer filed a late answer without an adequate excuse. Therefore, the WCJ was obligated to follow the procedure mandated by Section 416 of the Act and "decide the matter on the basis of the petition and the evidence presented." The term "evidence presented" includes only that evidence produced by the claimant and does not apply to the adverse party *with respect to the allegations presented in the petition,* because that "would negate the sanction for not filing an answer in accordance with the terms of the Section." *Id.* Therefore, under *Yellow Freight,* every factual allegation asserted in Claimant's petition is admitted as true and Employer is barred from presenting any affirmative defenses or challenges to any of the factual allegations in the petition.

■ In *Greeley v. Workmen's Compensation Appeal Board (Matson Lumber Company),* 167 Pa.Cmwlth.209, 647 A.2d 683 (1994), *petition for allowance of appeal granted,* 540 Pa. 607, 655 A.2d 994 (1995), we held that the allegations in a well-pleaded claim petition are legally sufficient to meet a claimant's burden of proof where, as here, the employer is precluded from proffering evidence due to filing a late answer. *Id.* 647 A.2d at 687. A WCJ may not disregard the

legal sufficiency of the allegations contained therein. *Id.* Therefore, under *Yellow Freight* and *Greeley,* a claimant does not have to corroborate the allegations specifically contained in a claim petition, as these allegations stand on their own as competent evidence.

■ This does not necessarily mean, however, that the case is over merely because the employer failed to file a timely answer. Failure of an employer to timely file an answer is not the equivalent of a default judgment. The claimant still bears the burden of proving all elements necessary to support an award of compensation. To the extent that a claim petition does not allege all the facts necessary to support all the elements necessary in presenting the claim, the claimant must proffer such evidence before the WCJ to sustain her burden of proof. Therefore, any evidence introduced before the WCJ regarding facts that were not well-pleaded in the claim petition may be rebutted by evidence presented by the defendant. Such rebuttal is permitted because the WCJ cannot deem the defendant to have admitted, by operation of law, specific facts or averments not present in the claim petition itself.

■ Employer contends that Claimant failed to allege in the petition that she notified Employer of her injury in the manner required under the Act and, as such, the petition is absent support of a necessary element for Claimant to receive benefits.[9] If supported by the record, such a contention would be valid. Our review of the record reveals, however, that Claimant specifically alleges in her petition, at paragraph number six, that "[n]otice of [her] injury or disease was served on [her] employer on 3–23–92 . . . in accordance with the Act." This allegation is legally sufficient under *Greeley* and Employer, consequently, is unable to rebut or challenge this allegation under *Yellow Freight.* The WCJ, therefore, correctly found the allegation legally sufficient to sup-

9. Section 311 of the Act, 77 P.S. § 631, states, in pertinent part, that a claimant must provide notice of the injury to the employer "within twenty-one days after the injury" and that "no compensation shall be due until such notice be given . . . ." Further, "unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed." *Id.*

port the requirement of timely notice under Section 311 of the Act.

■ Employer also challenges the WCJ's conclusion that Claimant is entitled to receive benefits "into the indefinite future unless/until terminated." (R.R. at 37a.) Employer contends that the petition only requested benefits from the date Claimant ceased working, March 23, 1992, to the date Claimant filed her petition, May 6, 1993, because the petition stated that Claimant was seeking benefits for full disability from "3–23–92 to present." These date descriptions are well-pleaded allegations. A petition "speaks" as of the date it is filed. Claimant here sets forth that she is still disabled as of the date the petition is filed. Claimant is not held responsible for predicting in the petition beyond the filing date when her disability will cease or even be reduced, if ever. The Act provides procedures for employers to acquire information limiting the extent of disability, such as the prognosis of a claimant's disability, beyond the date when the employer is precluded from denying the disability alleged in the petition because of an untimely answer, that is, medical reports and examinations, petitions to modify, suspend, terminate, etc.

■ Employer also contests that the use of the phrase "to present" sustained Claimant's burden of proof of an ongoing disability past the date the petition is signed. Under *Yellow Freight*, Employer is precluded from denying that the phrase "3–23–92 to present" means Claimant was at least disabled from March 23, 1992 until June 29, 1993, the due date for Employer's answer. The WCJ was also entitled to construe that

phrase to mean that Claimant sought ongoing disability benefits for her physical injuries after June 29, 1993, not a closed period of benefits.[10] Given the injuries established by the unanswered petition and the lack of other evidence challenging the existence of Claimant's disability from June 30, 1993 to the first hearing the WCJ would not be justified in finding that Claimant was only seeking benefits for a little over the year preceding the petition.

■ By the allegation, "3–23–92 to present", however, Employer's failure to file a timely answer only admitted facts, such as the work injury and the resultant disability alleged, up to the last day the answer could have been timely filed. Employer had every opportunity to prove events that may have occurred after the period when the late answer should have been filed, such as, changes in disability. There was no bar to Employer taking affirmative action to acquire and prove a reduction or cessation of the facts alleged in the petition, such as the extent of disability existing after the last day on which Employer should have filed its answer. Employer, however, chose to vigorously pursue only the establishment of the answer filed as timely and failed to take any affirmative steps in regard to contesting, by evidence presented, the disability existing after the last day the answer should have been filed.

Therefore, the WCJ was entitled to conclude that, based on the only evidence of record, Claimant's existing pulmonary injuries would continue and compensation should be paid into the indefinite future unless/until Employer proves, by evidence presented,

10. Even if Employer was entitled to challenge that specific finding by the WCJ, we note that the WCJ's interpretation of the phrase "to present" is correct. There are not many other ways in the limited space on the official claim petition form for a claimant to set forth at the time the petition is filed that her disability is still continuing and is expected to do so into the indefinite future. If a petition is filed for a closed period of disability, there will be a specific end date on the petition which will precede the date the petition was filed.

When a claimant files a claim petition listing that he or she is seeking a disability extending "to present", i.e., the date the petition is filed,

the claimant is obviously indicating an ongoing disability which, in the case of an unanswered or untimely answered petition, will provide the claimant with a rebuttable presumption which will sustain her burden of proof of a continuing disability from the last date the answer should have been filed throughout the pendency of the litigated matter, thus satisfying the claimant's burden under *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). The employer can, however, present evidence to rebut the presumption of disability after the last date its answer to the claim petition could have been timely filed.

Claimant's disability is terminated, reduced or otherwise resolved.

Accordingly, the order of the Board is affirmed.

## ORDER

NOW, July 10, 1997, the June 26, 1995, order of the Workers' Compensation Appeal Board, at No. A94–2663, as made final and appealable by its March 5, 1996, order, is affirmed.

LEADBETTER, J., concurs in the result only.

