IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Brantley,                          :
                    Petitioner             :
                                           :
        v.                                 :
                                           :
Workers' Compensation Appeal                :
Board (Brown's Shop Rite),                  :    No. 452 C.D. 2018
                    Respondent             :    Submitted: November 30, 2018


Brown's Super Stores,                       :
                    Petitioner             :
                                           :
        v.                                 :
                                           :
Workers' Compensation Appeal                :
Board (Brantley),                           :    No. 491 C.D. 2018
                    Respondent             :    Submitted: November 30, 2018


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED: July 10, 2019


        Lawrence Brantley (Claimant) and Brown's Super Stores (Employer)
each petition for review of the March 20, 2018 order of the Workers' Compensation
Appeal Board (WCAB) affirming the January 13, 2017 decision of the Workers'
Compensation Judge (WCJ) that granted, in part, Claimant's Claim Petition and

Penalty Petition and also granted Employer's Termination Petition. Upon review, we affirm.

Claimant worked for Employer as a loss prevention officer since August of 2014. WCJ Decision Finding of Fact (F.F.) 3a; Reproduced Record (R.R.) at 440. On July 29, 2015, in the course of his duties in Employer's Parkside, Pennsylvania, store, Claimant wrestled with and apprehended an individual attempting to steal baby formula. During the melee, Claimant suffered injuries to his neck and his left shoulder, wrist, knee, leg, back, and hip. F.F. 3b; R.R. at 441. Claimant immediately reported the incident and his injuries to Employer. F.F. 3c; R.R. at 441. Claimant sought and received medical attention for his injuries on July 30, 2015 and thereafter. F.F. 3c; R.R. at 441. A doctor put Claimant on light-duty work, and Claimant gave Employer the light-duty work note. R.R. at 41 & 468. However, because no light-duty job was available, Claimant returned to work in his full duty position, in which he experienced physical difficulty in fully performing the requirements of the position. F.F. 3d; R.R. at 47, 441 & 468.

Employer fired Claimant on August 24, 2015 for failing to properly clock in on August 2, 2015. F.F. 3e; R.R. at 441.

On September 30, 2015, Claimant filed a Claim Petition alleging that he had sustained an injury to his neck, left lower back, left lower extremity, left hip, and left wrist during the July 29, 2015 altercation with the shoplifter and seeking total disability benefits from August 25, 2015 onward. *See* Claim Petition, R.R. at 1-5. On November 12, 2015, beyond the 20-day period for filing an answer, Employer filed an Answer to the Claim Petition. *See* Answer to Claim Petition, R.R. at 6-8. Later, on January 11, 2016, Employer filed an Amended Answer to the Claim Petition. *See* Amended Answer to Claim Petition, R.R. at 10-13. Both the Answer

2

to Claim Petition and the Amended Answer to Claim Petition denied that Claimant's termination was prompted by the physical ramifications of his July 29, 2015 injury. *See* Answer to Claim Petition, R.R. at 6-7; Amended Answer to Claim Petition, R.R. at 11.

Thereafter, Claimant filed a Penalty Petition on February 26, 2016, alleging a failure by Employer to issue required Bureau of Workers' Compensation documents, to which Employer filed an Answer on March 1, 2016. *See* Penalty Petition, R.R. at 14-15; Answer to Penalty Petition, R.R. at 16-17.

On May 6, 2016, Employer filed a Termination Petition alleging that, based on an Independent Medical Examination/Record Review (IME) conducted on March 23, 2016, Claimant had fully recovered from his July 29, 2015 work injury. *See* Termination Petition, R.R. at 18-20. Claimant filed an Answer to the Termination Petition the same day denying the allegations. *See* Answer to Termination Petition, R.R. at 21-22.

After conducting a hearing on the matter,[1] the WCJ decided the Claim, Penalty, and Termination Petitions by decision issued on January 13, 2017. *See* WCJ Decision dated January 13, 2017 (WCJ Decision), R.R. at 438-50. The WCJ Decision granted the Claim Petition in part, awarding disability benefits from August 25, 2015 through March 22, 2016, as well as all past and future reasonable and necessary injury-related medical expenses. *See* WCJ Decision at 13, Order; R.R. at 450. The WCJ Decision also granted Employer's Termination Petition as of March 23, 2016, the date of the IME. *Id.* Further, the WCJ Decision granted the Penalty

---

[1] The hearing took place over a number of days. *See* R.R. at 23-118. Claimant testified at the December 10, 2015 hearing. *See* R.R. at 28-82.

3

Petition and awarded Claimant a 10% penalty against Employer on the amount awarded by the Claim Petition.  *Id.*

The parties cross-appealed.  *See* R.R. at 451-62.  On March 20, 2018, the WCAB issued an opinion affirming the WCJ Decision.  *See* WCAB Opinion dated March 20, 2018 (WCAB Opinion), R.R. at 463-73.  Both parties petitioned this Court for review.[2]

## A. The Claim Petition

First, Employer argues that the WCJ erred by awarding Claimant disability benefits under the Workers' Compensation Act[3] (Act).  *See* Employer's Brief at 38-51.  Employer argues that the evidence illustrated that Claimant was terminated on August 24, 2015 for a violation of company rules, not reasons related to Claimant's July 29, 2015 work-related injury.  *Id.*  Thus, Employer asserts that Claimant's wage loss was not caused by his work injury, and therefore, the WCJ erred by granting the Claim Petition.  We disagree.

---

[2] In workers' compensation appeals, this Court's "scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence."  *Morocho v. Workers' Comp. Appeal Bd. (Home Equity Renovations, Inc.)*, 167 A.3d 855, 858 n.4 (Pa. Cmwlth. 2017) (citing *Johnson v. Workmen's Comp. Appeal Bd. (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993)).

> Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the WCJ's findings.  In determining whether a finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the party who prevailed before the WCJ, and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party.

*Frog, Switch & Mfg. Co. v. Workers' Comp. Appeal Bd. (Johnson)*, 106 A.3d 202, 206 (Pa. Cmwlth. 2014) (internal quotations and citations omitted).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Initially, Section 416 of the Act requires an adverse party – the employer – to answer a claimant's claim petition within 20 days of service. *See* 77 P.S. § 821. As this Court has explained:

> When an employer fails to file an answer within that statutory period without adequate excuse, every well-pleaded factual allegation in the claim petition is admitted as true and the employer is barred from presenting affirmative defenses and from challenging the factual allegations in the claim petition. If the employer's answer is found untimely, the employer may challenge only the legal sufficiency of the claimant's claims, elements of the claim that are not well pleaded, and facts, such as continuing disability, with respect to time periods after the date that the answer was due.

*Washington v. Workers' Comp. Appeal Bd. (Nat. Freight Indus., Inc.)*, 111 A.3d 214, 218 (Pa. Cmwlth. 2015) (citations omitted); *see also Heraeus Electro Nite Co. v. Workers' Comp. Appeal Bd. (Ulrich)*, 697 A.2d 603, 608 (Pa. Cmwlth. 1997); *Yellow Freight Sys., Inc. v. Workmen's Comp. Appeal Bd.*, 423 A.2d 1125, 1127-28 (Pa. Cmwlth. 1981). We have further noted, however, that a "failure to file a timely answer is not tantamount to a default judgment[.]" *Chik-Fil-A v. Workers' Comp. Appeal Bd. (Mollick)*, 792 A.2d 678, 688 (Pa. Cmwlth. 2002); *see also Hawbaker v. Workers' Comp. Appeal Bd. (Kriner's Quality Roofing Servs. & Uninsured Employer Guar. Fund)*, 159 A.3d 61, 72 (Pa. Cmwlth.), *reargument denied* (Apr. 3, 2017), *appeal denied*, 173 A.3d 252 (Pa. 2017). "In cases involving late answers, the [c]laimant is still required to prove all elements necessary to satisfy an award[.]" *Chik-Fil-A*, 792 A.2d at 688. Moreover, where a late answer bars an employer from asserting affirmative defenses to the allegations of a claim petition, the claimant receives a rebuttable presumption that his/her disability continues after the last date

5

the employer could have filed an answer. *Chik-Fil-A*, 792 A.2d at 689 (citing *Heraeus*, 697 A.2d at 608). Therefore, the employer "is not barred . . . from presenting evidence itself, or attempting to discredit the [c]laimant's evidence, to rebut the presumption that [c]laimant's disability continues into the indefinite future." *Id.*

Here, Employer did not dispute that it filed its responses to Claimant's Claim Petition late. *See* Answer to Claim Petition, R.R. at 6-8; Amended Answer to Claim Petition, R.R. at 10-13; *see also generally* Employer's Brief; WCJ Decision at 9-10, F.F. 21, R.R. at 446-47. As a result, the WCJ determined that:

> every factual allegation asserted in the Claim Petition [was] admitted as true and the Employer [was] barred from presenting any affirmative defenses or challenges to any of the factual allegations in the petition.

WCJ Decision at 10, F.F. 21, R.R. at 447. The WCJ further noted, however, that Employer's late answer to the Claim Petition entitled Claimant only "to a rebuttable presumption that the disability continues after the last date that the [E]mployer should have filed an answer." WCJ Decision at 10, F.F. 21, R.R. at 447. Thus, the WCJ allowed Employer to put forth evidence to discredit and rebut Claimant's evidence regarding the necessary elements of his claim and his entitlement to workers' compensation benefits after the final date Employer could have filed a timely answer to the Claim Petition. This was not error. *See Chik-Fil-A*; *Yellow Freight*. Based on the foregoing, the WCJ determined that Claimant's loss of earnings from August 25, 2015 to March 22, 2016 was due to no fault of his own and that Employer successfully rebutted the presumption of disability as of the date of the IME on March 23, 2016. WCJ Decision at 10, F.F. 21-22, R.R. at 447.

6

Employer argues, however, that the evidence proffered, specifically Claimant's own testimony, illustrated that Claimant was terminated on August 24, 2015 for a violation of company rules, not reasons related to Claimant's July 29, 2015 work-related injury. *See* Employer's Brief at 38-51. Thus, Employer asserts that Claimant's wage loss was not caused by his work injury, and therefore, the WCJ erred by granting the Claim Petition.

Claimant testified before the WCJ regarding his employment, his injury, and his termination from employment. *See* Notes of Testimony 12/10/2015 (N.T. 12/10/2015) at 1-52; R.R. at 28-79. Claimant explained that, while working as a loss prevention officer in Employer's store on July 29, 2015, he observed, confronted, and apprehended a shoplifter attempting to steal baby formula. N.T. 12/10/2015 at 8-10; R.R. at 35-37. The apprehension involved a physical altercation with the suspect during which Claimant injured his entire left side, including his hip, knee, neck, lower back, and shoulder. N.T. 12/10/2015 at 10-11; R.R. at 37-38. Claimant reported the incident and his injuries to his manager and his supervisor. N.T. 12/10/2015 at 12; R.R. at 39. He filled out a report detailing the incident and his injuries for Employer's human resources (HR) department. N.T. 12/10/2015 at 12-13; R.R. at 39-40. He sought medical attention at the hospital on the following day and followed up with other medical professionals for physical therapy thereafter. N.T. 12/10/2015 at 13-15; R.R. at 40-42. At the hospital on July 30, 2015, he received paperwork from a doctor returning him to light-duty work, which paperwork Claimant gave to HR upon returning to work. N.T. 12/10/2015 at 14, 20; R.R. at 41, 47. Claimant was advised, however, that no light duty work was available and that he would have to return to his regular job, which he did, albeit with discomfort. N.T. 12/10/2015 at 18, 20-21; R.R. at 45, 47-48. Claimant explained

7

that, but for having been fired at the end of August 2015, he would still be working. N.T. 12/10/2015 at 23 & 27; R.R. at 50 & 54.

Employer presented the testimony of Senior Loss Prevention Manager Evan Gilbert and Director of Loss Prevention Craig Gage. *See* Deposition of Evan Gilbert, Hearing Exhibit D-6, R.R. at 192-292; Deposition of Craig Gage, Hearing Exhibit D-7, R.R. at 293-320. Gilbert confirmed the incident with the shoplifter, that Claimant reported the incident and his injuries, and that he commended Claimant for his actions. Gage also confirmed Claimant properly reported his injury from the July 29, 2015 incident per Employer's procedures. However, Gilbert and Gage each reported that Claimant was fired for a violation of company rules where Claimant allegedly attempted to receive pay for time not worked.

Based on this testimony, the WCJ "specifically accept[ed] as credible [] Claimant's testimony surrounding the circumstances leading up to his termination from employment on August 24, 2015."[4] WCJ Decision at 8, F.F. 15; R.R. at 445. The WCJ specifically found the testimony of Employer's witnesses Gilbert and Gage – that Claimant was fired for attempting to receive pay for time not worked – not credible to the extent it contradicted Claimant's testimony regarding the circumstances of Claimant's August 24, 2015 termination from employment. WCJ Decision at 9, F.F. 17; R.R. at 446. Therefore, the WCJ found that Employer had

---

[4] Of course, as this Court has previously noted, in workers' compensation matters:

> [t]he WCJ is the fact finder, and it is solely for the WCJ… to assess credibility and to resolve conflicts in the evidence. Neither the [WCAB] nor this Court may reweigh the evidence or the WCJ's credibility determinations. In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence…. As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted.

*Hawbaker*, 159 A.3d at 69 (internal citations, quotations, and brackets omitted).

8

not rebutted the presumption that Claimant's wage loss was caused by his work injury. *See* WCJ Decision at 12; R.R. at 449. The WCAB affirmed this determination, expressly noting that, because the WCJ rejected Employer's witnesses' testimony regarding the reason for the termination of Claimant's employment, Employer had failed to rebut the presumption that Claimant's loss of earning capacity was causally related to his work-place injury. *See* WCAB Opinion at 2-5; R.R. at 466-69.

This WCAB determination was not error. The Claim Petition alleged that Claimant suffered an injury in the course of his employment, that the injury caused him to stop working as of August 25, 2015, and that the injury is ongoing. *See* Claim Petition; R.R. at 3-4. Employer did not timely answer the Claim Petition and, thus, could not challenge these factual allegations. *See Washington.* Consequently, by failing to file a timely answer, Employer admitted the factual allegations of Claimant's work-related injury and that Claimant's disability as of August 25, 2015 was due to his injury. *See id.*; *Heraeus.* Additionally, with respect to disability benefits after the last date Employer could have filed an answer to the Claim Petition, Employer's failure to file an answer afforded Claimant a rebuttable presumption that his disability continued into the indefinite future. *See Heraeus.* Contrary to Employer's assertion, Claimant's own testimony does not negate the factual admissions or overcome the rebuttable presumption that Claimant's loss of earning capacity was causally related to his continuing work injury. Indeed, Claimant's testimony corroborated the allegations of the Claim Petition and explained that, following the injury, medical professionals returned him to work in a modified capacity. Therefore, Claimant was entitled to WC benefits as of July 29, 2015. Nonetheless, as Claimant explained, because Employer did not have light-

9

duty work available, Claimant returned to work in his normal job and worked through his pain and discomfort. As a result, Claimant suffered no lost wages, so his WC benefits were in a suspended status during this period. *See* WCJ Decision at 10; F.F. 22; R.R. at 447. Claimant's testimony regarding his termination served merely to explain what he was told about his termination, not to provide evidence that Claimant's termination and subsequent disability were unrelated to his work injury. Additionally, because the WCJ discredited the reasons for Claimant's termination forwarded by Employer's employees, Employer failed to rebut the presumption that Claimant's ongoing loss of earning capacity was causally related to his continuing work injury. *See Heraeus*. Therefore, based on the admitted allegations of fact in the Claim Petition, the presumption Claimant enjoyed as a result of Employer's late answer to the Claim Petition, and the credible evidence presented, we find no error in the WCJ's determination that Claimant suffered a disabling injury on July 29, 2015, and that his loss of earning capacity following his August 24, 2015 termination resulted from the ongoing effects of his work injury. Consequently, we find no error in the WCJ's limited grant of Claimant's Claim Petition or the WCAB's affirmance thereof.

To the extent Employer argues that the WCJ erred by relying on the testimony of Claimant's medical expert, Dr. Terri Gartenberg, to grant the Claim Petition, we disagree. Employer argues that Dr. Gartenberg supplied legally insufficient testimony and details a number of alleged deficiencies in the testimony. *See* Employer's Brief at 47-51. However, even assuming the evidence was insufficient, Claimant was not obligated to present medical evidence in this matter. The Claim Petition alleged facts that, when taken as true as a result of Employer's late answer to the Claim Petition, *see Yellow Freight*, established that Claimant

10

suffered a work-related injury on July 29, 2015. In such a situation, a claimant need not corroborate the allegations of the claim petition. *See Heraeus*, 697 A.2d at 608 (noting that a claimant need not corroborate the allegations contained in a claim petition where an employer is precluded from challenging the factual allegations contained in a claim petition by virtue of having failed to file a timely answer because the allegations stand on their own as competent evidence). Thus, Claimant did not need to present medical expert evidence to succeed on his Claim Petition in this matter, and the WCAB did not err in so determining. *See* WCAB Opinion at 6-7; R.R. at 470-71.

## B. The Termination Petition

Next, Claimant alleges that the WCJ erred in granting Employer's Termination Petition. *See* Claimant's Brief at 19-25. Claimant argues that the WCJ improperly admitted multiple examples of irrelevant impeachment evidence, the combined effect of which subconsciously influenced the WCJ to grant the Termination Petition based on improper evidence admitted to support Employer's counsel's "bad person strategy." *Id.*

"It is well established law that the admission of evidence is a matter within the sound discretion of the WCJ." *Swigart v. Workers' Comp. Appeal Bd. (City of Williamsport)*, 131 A.3d 117, 121 (Pa. Cmwlth. 2015) (internal quotations and edits omitted). Further, the WCJ assesses the credibility of and weight to be afforded to the evidence presented. *See Hawbaker*, 159 A.3d at 69. Neither the WCAB nor this Court will reassess a WCJ's evidentiary determinations absent an abuse of discretion. *Id.* Further, we note that the admission of the evidence Claimant complains of prejudiced Claimant. Such is the nature of adverse evidence. *See* Pa.R.E. 403, cmt.

11

Here, Claimant takes issue with the admission of an edited videotape of Claimant allegedly shoplifting from Employer's store on October 10, 2015, an undated statement from another employee regarding the October 2015 incident, two undated alleged eyewitness statements regarding the October 2015 incident made months thereafter, and a criminal docket regarding an incident that predated the July 29, 2015 injury by four years. *See* Claimant's Brief at 20-22. Claimant alleges the inclusion in the record of these pieces of evidence subconsciously affected the WCJ's judgment in this matter. *Id.* None of these allegedly inappropriately admitted pieces of evidence confirm Claimant's allegations of subconscious influence on the WCJ's Decision.

While the WCJ did admit two handwritten statements and a security videotape related to the October 10, 2015 incident in which Employer alleged Claimant had shoplifted in its store following his termination in August 2015, (*see* WCJ Decision at 7, F.F. 10-12; R.R. at 444), the WCJ's primary reason for rejecting Claimant's testimony that he had not fully recovered from his injury was "primarily due to superseding and more credible medical evidence from the defense expert[,]" not the October 10, 2015 security footage, which the WCJ noted was "highly edited" and depicted only a limited portion of the October 10, 2015 events, or the witness statements, which formed no part of the WCJ's Termination Petition analysis. WCJ Decision at 7-8, F.F. 10 & 15; R.R. at 444-45. Additionally, regarding the criminal docket summary presented, the WCJ accepted the document into evidence, and noted the 2011 burglary to which Claimant entered a negotiated guilty plea and was placed on probation. *See* WCJ Decision at 7, F.F. 14; R.R. at 444. Pennsylvania Rule of Evidence 609 allows for the automatic admission of *crimen falsi* convictions within the past 10 years to determine witness credibility. *See* Pa.R.E. 609(a) & (b).

12

Burglaries are *crimen falsi* offenses. *Commonwealth v. Randall*, 528 A.2d 1326, 1329 (Pa. 1987).

Further, we find Claimant's suggestion that the WCJ's determination of Employer's Termination Petition was subconsciously influenced by the complained-of evidence to be both unsupported and unconvincing. The record demonstrates that the WCJ determined the Termination Petition based on a review and weighing of Claimant's testimony and the medical evidence offered by Claimant and Employer. The WCJ was free to determine the credibility and weight of the medical evidence submitted, and he did so in this matter. We find no abuse of discretion or error of law in the WCJ's determinations. We find nothing in the record indicating the WCJ's determinations or reasoning were somehow clouded by some theoretical, nebulous subconscious effect of the evidence admitted and discounted during the course of the proceedings, and we find Claimant's wholly speculative arguments thereon unconvincing. Thus, we find no error in the WCAB's affirmance of the WCJ's determination of the Termination Petition.

## C. **The Penalty Petition**

Lastly, Employer argues the WCJ erred by imposing penalties and awarding Claimant litigation costs. *See* Employer's Brief at 52-57. Employer bases its challenge on the success of its challenge of the Claim Petition. *See id.* Employer basically argues that because, in its opinion, "[C]laimant should not have received even a limited award of disability benefits[,]" the WCJ erred in awarding Claimant litigation costs and penalties. We do not agree.

Section 440 of the Act allows a WCJ, in his/her discretion, to award the payment of reasonable sums for litigation costs and attorney's fees where an injured

13

employee is victorious in a contested case. 77 P.S. § 996(a), added by Act of February 8, 192, P.L. 25, *as amended*. Additionally, Section 406.1 of the Act requires an employer to issue pertinent Bureau of Workers' Compensation documents within 21 days of receiving notice of an employee's disability. 77 P.S. § 717.1, added by Act of February 8, 192, P.L. 25, *as amended*.

For the reasons stated above, the WCJ properly awarded Claimant benefits in this contested matter. After partially granting the Claim Petition and awarding Claimant contested benefits, the WCJ listed and found reasonable Claimant's litigation expenses. F.F. 24; R.R. at 447-48. The WCJ also expressly found Claimant's fee agreement with counsel reasonable and approved payment of attorney's fees. F.F. 25; R.R. at 448. These determinations were within the province of the WCJ and are expressly allowed by the Act.

Additionally, the WCJ imposed a 10% penalty based on Employer's failure to timely issue required Bureau of Workers' Compensation documents. F.F. 29; R.R. at 448. To the extent it argues against the imposition of this penalty, Employer again argues essentially that the WCJ imposed the penalty based on an improper award of benefits and, therefore, should never have imposed the penalty in the first place. *See* Employer's Brief at 56-57. Employer makes no allegation that it did, in fact, timely file the Bureau of Workers' Compensation documents for which it was penalized. The WCJ did not err in imposing this penalty. *See* 77 P.S. § 717.1.

For the foregoing reasons, we affirm the WCAB's order affirming the WCJ Decision granting: 1) Claimant's Claim Petition, in part; 2) Employer's Termination Petition; and 3) Claimant's Penalty Petition.

_____
CHRISTINE FIZZANO CANNON, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Brantley,      :
     Petitioner   :
          :
   v.       :
          :
Workers' Compensation Appeal  :
Board (Brown's Shop Rite),   :  No. 452 C.D. 2018
     Respondent  :


Brown's Super Stores,     :
     Petitioner   :
          :
   v.       :
          :
Workers' Compensation Appeal  :
Board (Brantley),      :  No. 491 C.D. 2018
     Respondent  :


O R D E R


   AND NOW, this 10th day of July, 2019, the March 20, 2018 order of the Workers' Compensation Appeal Board is AFFIRMED.


              _____
              CHRISTINE FIZZANO CANNON, Judge