IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin Hollis,                            :
                                         :
                        Petitioner       :
                                         :
         v.                              : No. 1233 C.D. 2021
                                         : Submitted: October 28, 2022
C&R Laundry Services LLC                 :
(Workers' Compensation                   :
Appeal Board),                           :
                                         :
                        Respondent       :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION BY JUDGE WOJCIK                          FILED: July 31, 2023

        Alvin Hollis (Claimant) petitions for review of the October 14, 2021 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ), which granted Claimant's Claim Petition for a closed period of time and then terminated benefits as of July 14, 2020. Claimant contends that the WCJ erred by finding Claimant's allegation of "left rotator cuff pathology" was not well pled and that Claimant was fully recovered from this work-related injury. For the reasons that follow, we affirm.

## I. Background

        On September 24, 2019, Claimant filed a Claim Petition against C&R Laundry Services, LLC (Employer) alleging that he sustained a work-related injury

while in the course of his employment as a truck driver. Certified Record (C.R.) at 8-10.[1] Specifically, Claimant alleged that he sustained a "left rotator cuff pathology/cervical left side radiculopathy, [Cervical, Thoracic, Lumbar] sprain/strain." *Id.* at 9. Claimant alleged he was driving for Employer when he parked on the right shoulder of the road and his vehicle was sideswiped. *Id.* at 9. That accident ultimately caused him to separate from employment on August 7, 2019. *Id.* at 9. Claimant sought full disability benefits from August 7, 2019, onward. *Id.* at 11. The Claim Petition was assigned to a WCJ. On November 6, 2019, Employer filed an untimely Answer[2] to the Claim Petition denying the material allegations contained therein. Reproduced Record (R.R.) at 8a-13a.

At the WCJ hearing held on December 18, 2019, Claimant's counsel made a *Yellow Freight*[3] motion to have all facts alleged in the Claim Petition deemed admitted because of Employer's failure to file a timely answer. The WCJ granted the *Yellow Freight* motion and ordered that Temporary Total Disability (TTD) benefits be paid for the period of August 6, 2019, through October 16, 2019. C.R. at 25.

At a subsequent evidentiary hearing, Claimant testified and presented the deposition testimony of his treating physician, William Pavlou, M.D. (Dr.

_____

[1] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

[2] Section 416 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §821, permits an answer to a claim petition to be filed within 20 days of service upon the employer. Employer's Answer was filed more than 20 days after the allotted time for filing an answer to the Claim Petition.

[3] In *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 423 A.2d 1125, 1127 (Pa. Cmwlth. 1981), this Court held that when an employer files a late answer, all well-pled factual allegations must be deemed admitted by the WCJ.

Pavlou). In opposition, Employer presented the deposition testimony of Lee Harris, M.D. (Dr. Harris) and David Vegari, M.D. (Dr. Vegari). Based upon the testimony and evidence presented, the WCJ summarized the evidence and made the following relevant findings.

Claimant testified that he worked for Employer for approximately 11 months as a truck driver. His job with Employer entailed loading and unloading a truck, delivering clean linens, and picking up dirty linens. On August 6, 2019, while working for Employer, Claimant had a motor vehicle accident on the New Jersey Turnpike and sustained injuries to his neck, left shoulder, hip, and back. On the day of the injury, Claimant sought medical treatment at Crozer-Chester Medical Center, which included a CAT scan for detection of a concussion. Employer terminated Claimant's employment on August 7, 2019, for failure to pick up a truck load. The next day, Claimant completed an incident report for the work injury. WCJ Op., 12/22/20, Finding of Fact (F.F.) No. 10(a)-(d).

Claimant testified that he received treatment from Dr. Pavlou and Bruce Grossinger, D.O., a neurologist from whom he received injections in the left shoulder and lower back. Claimant testified the treatments did not help, and he cannot lift anything based on the restrictions imposed by his doctors. Claimant testified that he still has headaches and pain on the left side of his body, left shoulder, lower back, and left hip, which have persisted since January 2020. Claimant testified he cannot resume working because his pre-injury job was physically demanding, and he cannot do the job in his current condition. F.F. Nos.10(c), 11(a)-(c).

Dr. Pavlou, who is board certified in family medicine, testified that he began treating Claimant on August 9, 2019, and has continued to treat him on eight occasions. Dr. Pavlou diagnosed Claimant with post-traumatic musculoligamentous

3

strain and sprain of the cervical, thoracic, and lumbar spine, post-traumatic cervical and lumbosacral radiculopathy multilevel disease, post-traumatic rotator cuff tendinopathy of the left shoulder, and post-traumatic contusion and sprain of the left hip. Dr. Pavlou testified that Claimant has continually exhibited positive objective findings of cervical radiculopathy. Dr. Pavlou attributed these diagnoses to Claimant's August 6, 2019 work injury. F.F. No. 12(a)-(c), (l).

In opposition, Employer offered the deposition testimony of Dr. Harris, a board-certified neurologist, who performed an independent medical examination (IME) of Claimant on June 11, 2020. Dr. Harris testified that Claimant did not exhibit objective findings in support of ongoing cervical radiculopathy and/or cervical, thoracic, or lumbar spine conditions during his examination. Claimant was recovered from cervical radiculopathy and cervical, thoracic, and lumbar sprains and strains. Claimant recovered from disc herniations and cervical and lumbar spine bulges. Claimant did not have any restrictions or limitations on his ability to work. F.F. No. 13(a)-(c). Dr. Harris offered no opinion with regard to Claimant's left rotator cuff pathology injury because it was an orthopedic injury that was outside the scope of his medical expertise. R.R. at 73a-74a; *see id.* at 106a.

Employer also offered the deposition testimony of Dr. Vegari, a board-certified orthopedic surgeon, who performed an IME of Claimant on July 14, 2020. Dr. Vegari testified that Claimant sustained strains and sprains of the shoulder, back, neck, and left hip because of the work injury. He opined that Claimant had fully recovered from those injuries as of his examination on July 14, 2020. Dr. Vegari testified that Claimant may resume the duties of his pre-injury job without restriction. Dr. Vegari opined the left shoulder tendinosis is not related to the work injury. F.F. No. 14(a)-(d), (k).

4

The WCJ found the Claimant credible in part. The WCJ credited Claimant's testimony regarding the occurrence of the work injury. However, the WCJ found Claimant not credible with respect to the continuation of ongoing symptoms after his IMEs with Employer's medical experts on June 11, 2020, and July 14, 2020. F.F. No. 16.

The WCJ credited the testimonies of Employer's medical experts, Drs. Harris and Vegari. The WCJ found Drs. Harris and Vegari to be more credible than Dr. Pavlou. The WCJ explained that they were more credible based on their board certifications, the tests performed, the level of detail in the results of their examinations, and rational explanations offered. The findings of both doctors negated any post-traumatic cervical and lumbosacral radiculopathy, post-traumatic rotator cuff tendinopathy of the left shoulder, and any other pathology at the times of the IMEs of Claimant. The WCJ found that Dr. Vegari's diagnosis of Claimant's shoulder condition is more credible than Dr. Pavlou's because Dr. Pavlou did not define rotator cuff tendinopathy, did not specify the criteria for its diagnosis, and did not explain the reasons for the purported link between the tendinopathy and the work injury. F.F. No. 17.

Upon granting Claimant's *Yellow Freight* motion in response to Employer's unexcused late answer, the WCJ admitted all well-pled facts in the Claim Petition, and recognized that Claimant was entitled to a rebuttable presumption of the continuation of his alleged ongoing disability. The WCJ concluded that Employer sustained its burden and overcame the rebuttable presumption of the continuation of Claimant's alleged ongoing disability after June 11, 2020, the date of Dr. Harris's IME, for Claimant's disc herniations, cervical and lumbar spine bulges, cervical radiculopathy, and cervical, thoracic, and lumbar

5

sprains, and strains and after July 14, 2020, the date of Dr. Vegari's IME, for Claimant's shoulder and left hip strains and sprains. WCJ Op., Conclusions of Law (C.L.) No. 4.

However, the WCJ determined that Claimant's "left rotator cuff pathology" was not a well-pled fact. The WCJ explained it was not a medical diagnosis, and, thus, was not legally sufficient or definitive of Claimant's alleged shoulder injury. Claimant needed to present competent medical evidence to sustain his burden of proof about his alleged shoulder injury. The WCJ determined that Employer "rebutted [] Claimant's allegation of a 'left rotator cuff pathology' and left rotator cuff tendinopathy from the work injury and established [] Claimant's experience of a shoulder strain and sprain and recovery by July 14, 2020." C.L. No. 5.

By decision and order circulated on December 22, 2020, the WCJ ordered Employer to pay full disability benefits for the closed period of August 6, 2019, through July 14, 2020. The WCJ also ordered Employer to pay for reasonable and necessary medical expenses until June 11, 2020, for Claimant's disc herniations, cervical radiculopathy, cervical and lumbar spine bulges, and cervical thoracic and lumbar strains and sprains, and until July 14, 2020, for Claimant's shoulder and hip strains and sprain.

Claimant filed a timely appeal with the Board, which affirmed. Claimant now petitions this Court for review.[4]

---

[4] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Frankiewicz v. Workers' Compensation Appeal Board (Kinder Morgan, Inc.)*, 177 A.3d 991, 995 n.2 (Pa. Cmwlth. 2017).

6

## II. Issues

Claimant raises two issues for our review. First, Claimant contends that the WCJ erred by determining that the "left rotator cuff pathology" injury was not well-pled in his Claim Petition. Second, Claimant argues the WCJ erred by finding that Claimant fully recovered from his work injuries.

## III. Discussion
### A. Well-Pled Injury Description

Claimant contends the WCJ erred by determining that the "left rotator cuff pathology" was not well-pled. The Claim Petition specifically identified "left rotator cuff pathology" as an injury sustained. C.R. at 9. This injury refers not just to a shoulder injury but to a dysfunction within a specific group of muscles and tendons that surround the left shoulder. Because Employer filed a late answer, Claimant asserted that he was entitled to the admission of this well-pled injury under *Yellow Freight*, 423 A.2d 1125, 1127-28.

Section 416 of the Act provides that "if a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the [WCJ] hearing the petition shall decide the matter on the basis of the petition and evidence presented." 77 P.S. §821. In *Yellow Freight*, we interpreted Section 416 to mean that the untimeliness of an employer's answer admits all well-pled allegations in the petition. 423 A.2d at 1127-28. The WCJ shall decide the matter on the well-pled allegations on the face of the claim petition, which are deemed admitted, as well as the evidence presented by the claimant. *Straub v. Workmen's Compensation Appeal Board (City of Erie)*, 538 A.2d 965, 967 (Pa. Cmwlth. 1988). However, a claimant does not have to corroborate the admitted factual allegations. *Rite Aid Corporation v. Workers' Compensation Appeal Board (Bennett)*, 709 A.2d

447, 449 (Pa. Cmwlth. 1998); *Heraeus Electro Nite Company v. Workmen's Compensation Appeal Board (Ulrich)*, 697 A.2d 603, 608 (Pa. Cmwlth. 1997).

Under *Yellow Freight*, because every well-pled factual allegation asserted in the claim petition is admitted as true, the employer is barred from presenting any affirmative defenses or evidence to rebut the facts deemed admitted. *Bensing v. Workers' Compensation Appeal Board (James D. Morrissey, Inc.)*, 830 A.2d 1075, 1077 (Pa. Cmwlth. 2003); *Heraeus*, 697 A.2d at 608; *Straub*, 538 A.2d at 967. However, an employer is not precluded from offering evidence in rebuttal to the facts that a claimant did not specifically allege in a claim petition. *Heraeus*, 697 A.2d at 608. An employer is "still entitled to an opportunity to prove events, such as changes in disability, that may have occurred after the last day when the late answer should have been filed." *Rite Aid*, 709 A.2d at 449; *accord Heraeus*, 697 A.2d at 608.

"[A]n employer's failure to file a timely answer does not automatically satisfy the claimant's burden of proof." *Rite Aid*, 709 A.2d at 449; *see Heraeus*, 697 A.2d at 608 (the failure to file a timely answer is not tantamount to a default judgment). "Although a party can admit a factual event, it cannot admit how the legal effect of those facts should be characterized." *Bensing*, 830 A.2d at 1078.

"'[I]n a claim [petition] proceeding, the [claimant] bears the burden of establishing a right to compensation and of proving all necessary elements to support an award,'" including establishing a causal connection between his work activities and the alleged injury. *Rite Aid*, 709 A.2d at 449 (quoting *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993)). Where the claimant alleges necessary facts to support an award, and the employer has admitted those allegations, the claimant is entitled to a "rebuttable presumption which will

8

sustain [his] burden of proof of a continuing disability from the last date the answer should have been filed throughout the pendency of the litigated matter, thus satisfying the claimant's burden under *Inglis House . . . .*" *Heraeus*, 697 A.2d at 609 n.10.

To the extent a claim petition does not allege sufficient facts necessary to support an award, the claimant must proffer such evidence to sustain the burden of proof. *Heraeus*, 697 A.2d at 608. Any evidence introduced before the WCJ regarding facts that were not well-pled in the claim petition may be rebutted by evidence presented by the employer. *Id.* "Such rebuttal is permitted because the WCJ cannot deem the defendant to have admitted, by operation of law, specific facts or averments not present in the claim petition itself." *Id.*

In *Ascencio v. Workers' Compensation Appeal Board (Department of Corrections)* (Pa. Cmwlth., No. 471 C.D. 2017, filed November 28, 2017),[5] this Court examined the nature of a well-pled averment for purposes of a *Yellow Freight* admission. Therein, the claimant filed a claim petition in which he alleged he "sustained an injury to his heart while exerting himself at work" and that the onset of disability occurred two years after the incident. *Ascencio*, slip op. at 2. Because the employer filed an untimely answer, the WCJ granted the claimant's *Yellow Freight* motion to admit the factual allegations pled.

On appeal, this Court determined that the description of the injury on the claim petition was "vague," noting it was "not a medical diagnosis and . . . there was no pathology defined." *Ascencio*, slip op. at 8, 12. The claimant did not plead

---

[5] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

9

a cardiac disease or illness even though the claim petition form itself distinguished "injury" from "disease" and "illness." *Id.* at 8. Moreover, the claimant's allegations did not explain the causal relationship between the incident of overexertion and the remote disability two years later. *Id.* In addition, the claimant's testimony at the evidentiary hearing regarding "clogged arteries" left considerable doubt as to whether he sustained an injury or heart disease, which further called into question the causal connection between the work incident and his injury. *Id.* at 2-3. "The future problem of identifying the injury for purposes of ongoing medical treatment may be the clearest indicator that an injury description is not well-pled." *Id.* at 11. Notwithstanding, we opined that if "paired with an explanation of the circumstances, and tied to overexertion, the non-specific 'injury' averment could be sufficient to qualify as a compensable injury depending on additional well-pled allegations or evidence." *Id.* at 8 (emphasis added). "Despite the opportunity to do so, [the] [c]laimant did not plead any further explanation of his injury or of causation." *Id.* at 11. Thus, we determined that the description of "injury to heart" was not well-pled. *Id.*

Here, Claimant alleged that he sustained "left rotator cuff pathology" in an accident when his vehicle was sideswiped. C.R. at 9. The rotator cuff refers to a specific group of muscles and tendons that surround the shoulder. *See* Dorland's Illustrated Medical Dictionary 429 (29th ed. 2000) ("musculotendinous structure about the capsule of the shoulder joint, formed by the inserting fibers of the supraspinatus, infraspinatus, teres minor, and subscapularis muscles, blending with the capsule, and providing mobility and strength to the shoulder joint"). Although the body part of the injury is well-pled, the injury itself is not. Claimant did not define the "pathology" or provide a medical diagnosis in his Claim Petition.

10

Claimant merely described his condition as "pathology," which "deals with all aspects of *disease*, but with special reference to the essential nature, the causes, and development of abnormal conditions, as well as the structural and functional changes that result from the disease processes." Stedman's Medical Dictionary 1187 (21st ed. 1970) (emphasis added); *accord* Dorland's Illustrated Medical Dictionary 1336 (29th ed. 2000) ("essential nature of disease, especially of the structural and functional changes in tissues and organs of the body that cause or are caused by disease"). Whether it is a disease or injury, "left rotator cuff pathology" can be any number of conditions, such as tendinopathy or bursitis, tear or sprain, which are different medical diagnoses. As in *Ascencio*, the unidentified nature of the condition creates a future problem for determining Employer's responsibility for ongoing medical treatment. Thus, we conclude that the WCJ did not err in concluding that "left rotator cuff pathology" was not a well-pled allegation.[6]

## B. Full Recovery

Next, Claimant contends that the WCJ erred in finding that Claimant fully recovered from his shoulder injury.[7] Claimant was entitled to a presumption that his disability related to the "left rotator cuff pathology" continued, and Employer failed to overcome that presumption. None of Employer's medical

---

[6] Although we recognize that it is not uncommon for a claimant to describe his/her injury in broad terms, such as shoulder injury or shoulder pain, the claimant still bears the burden of proving all necessary elements to support an award. In the context of *Yellow Freight*, we examine whether the claimant alleged necessary facts in the claim petition itself to carry that burden. In the absence of a well-pled allegation regarding the injury and causation, that burden is not met.

[7] Claimant does not challenge the WCJ's determination that he fully recovered from his other injuries.

11

experts testified that Claimant was fully recovered from his "left rotator cuff pathology" injury.

Here, because "left rotator cuff pathology" was not well pled, Claimant was not entitled to a presumption of ongoing disability related to this injury under *Yellow Freight*. The burden remained with Claimant to prove the existence of the shoulder injury or disease, the work-related cause, and ongoing disability. *Rite Aid*, 709 A.2d at 449. To that end, Claimant presented the testimony of Dr. Pavlou. Although Dr. Pavlou opined that Claimant suffered post-traumatic rotator cuff tendinopathy of the left shoulder caused by the work injury, the WCJ rejected his testimony. The WCJ explained that Dr. Pavlou did not define rotator cuff tendinopathy, did not specify the criteria for its diagnosis, and did not explain the reasons for the purported link between the tendinopathy and the work injury. F.F. No. 17.

Because the "left rotator cuff pathology" was not admitted by Employer's late answer, Employer could rebut any allegations of a left shoulder injury. *See Rite Aid*, 709 A.2d at 449; *accord Heraeus*, 697 A.2d at 608. Employer's expert, Dr. Vegari, disputed the occurrence of a work-related tendinopathy. He credibly testified that Claimant had sustained a "strain and sprain of his shoulder" as a result of the work accident. R.R. at 155a, 159a. Critically, Dr. Vegari credibly testified that Claimant had fully recovered from the strain and sprain of his shoulder. *Id.* at 155a. Dr. Vegari's testimony constitutes substantial evidence upon which to conclude that Claimant had fully recovered from his work-related shoulder injury.

12

## IV. Conclusion

Upon review, the WCJ did not err in concluding that Claimant's "left rotator cuff pathology" was not a well-pled allegation. The WCJ did not err in concluding that Claimant had fully recovered from all work injuries. Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin Hollis,                           :
                                        :
                    Petitioner          :
                                        :
        v.                              : No. 1233 C.D. 2021
                                        :
C&R Laundry Services LLC                :
(Workers' Compensation                  :
Appeal Board),                          :
                                        :
                    Respondent          :


# **O R D E R**


AND NOW, this 31st day of July, 2023, the order of the Workers' Compensation Appeal Board, dated October 14, 2021, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge